Four Forty-one Holding Corporation, Landlord, *v.* Nathan Bloom, Tenant.

Municipal Court of New York, Borough of Manhattan, Fifth District, September 30, 1931.

*Seidman, Zuckerman & Seidman* [*Joseph A. Seidman* of counsel], for the landlord.

*Milton Elias Schattman*, for the tenant.

Lauer, J. But a single question is presented for my decision in this proceeding. That question is whether this court has been ousted of jurisdiction to make a final order herein, because of the tenant's compliance with one of the alternative demands of the precept, he having moved out prior to the return of the precept, and whether in consequence of such moving out, no money judgment for rent admittedly due from the tenant can be directed herein.

The tenant contends that the proceeding comes to an end by his moving out, and that under the wording of the statute making provision for the entry of judgment in a summary proceeding no judgment can be awarded to the landlord. The tenant relies upon the case of *Brown* v. *Mayor, etc., of City of New York* (66 N. Y. 385). In that case the court said (pp. 390, 391): " If the person proceeded against obeys the summons and removes from the premises before the return day, he can appear on that day, and show the fact of his removal, and then no warrant can be issued." This is the language on which reliance is placed by the tenant. However,

I do not consider that it supports the contention of the tenant. True, no warrant can issue, because the tenant has already removed. That case does not, however, hold that the proceedings were improperly instituted, where the tenant, as here, was in possession at the time of the issuance of the precept. The opinion says merely that " no warrant can be issued." There would be no necessity for a warrant where the tenant has moved out. It does not say that a final order should not be made. The final order is the determination of the proceeding. Final order in such a case might provide for a dismissal of the proceedings because of the compliance by the tenant with the demand of the precept that he remove. To that extent the final order would be favorable to the tenant and no warrant to remove the tenant would issue. The precept is in the alternative and requires the tenant " forthwith to remove from the premises * * * or show cause before the * * * court * * * why the possession of the premises should not be awarded and delivered to the said landlord."

I, therefore, hold that the proceeding is properly instituted and the court has not been deprived of jurisdiction of the proceeding because of the compliance by the tenant with one of the alternative demands of the precept, to wit, his forthwith removal from the premises.

The tenant places a mistaken construction, according to my light, upon the language of section 1425 of the Civil Practice Act, as it was amended by the Laws of 1924, chapter 514, permitting judgment for the amount of rent due. This provision is as follows: " If the precept contain a notice that demand is made in the petition for a judgment for rent in arrears, and the precept is served at least five days before the return day thereof, the court, upon rendering a final order, may determine the amount of rent due to the petitioner and give judgment for the amount found to be due." It will be observed that upon rendering the final order the court may give judgment for the amount found to be due. The tenant has apparently placed the interpretation upon this language that it means final order for the landlord awarding him possession of the premises. The termination of every special proceeding, such as a summary proceeding, is the final order, and the proper final order in this proceeding is one which will dismiss the proceeding against the tenant because of his removal from the premises after service of the precept.

Upon making this final order the court may, in accordance with the language of the statute, properly determine the amount of rent due and give judgment therefor. This provision may be contained in the final order to be entered hereon. Present order in accordance herewith.