21 WEST FORTY-SIXTH STREET CORPORATION, Landlord, *v.* THE LATHERIZER CORPORATION, Tenant.

Municipal Court of New York, Borough of Manhattan, Ninth District, January 13, 1932.

*Lurie & Feinberg* [*Herman I. Lurie* of counsel], for the landlord.

*C. Monteith Gilpin* [*Abner Schoen* of counsel], for the tenant.

LAUER, J. I am asked to render a decision upon a state of facts agreed to by both parties.

It is conceded that the tenant was not in physical possession of the property at the commencement of these proceedings, December 2, 1931, having vacated the premises on October 29, 1931. At the time of vacating the premises the tenant tendered the keys of the premises to the landlord who refused to accept them.

The question presented for my decision is whether these proceedings will lie in view of the fact that the tenant was physically out of possession when these proceedings were commenced and makes no claim of possession. I have reached the conclusion that the proceedings will not lie. Apparently the tenant abandoned the property prior to the commencement of the proceeding. The landlord could have resumed possession without the necessity of instituting court proceedings.

Section 1410 of the Civil Practice Act, which is the provision referring to the removal of tenants in summary proceedings, provides in subdivision 1 for the removal of a tenant " when he holds over and continues in possession of the demised premises or any portion thereof after the expiration of his term without the permission of the landlord," and in subdivision 2 " where he holds over, without the like permission, after a default in the payment of rent, * * *."

It would thus appear that the continued possession of the tenant in the demised premises is an essential jurisdictional fact for the maintenance of a summary proceeding. This proposition has been held in this department in the case of *Warrin* v. *Haverty* (149 App. Div. 564, 567), where the court said: " The court was without jurisdiction to make the order, for the uncontroverted evidence shows that the tenant was not in possession at the time the proceeding was instituted, and was not holding over or claiming any rights as a tenant of the premises."

The landlord, however, claims that, the parties being in court, jurisdiction should be retained for the purpose of awarding judgment pursuant to the provision of section 1425 of the Civil Practice Act as it was amended by chapter 514 of the Laws of 1924. The language of this amendment is: " If the precept contain a notice that demand is made in the petition for a judgment for rent in arrears, and the precept is served at least five days before the return day thereof, the court, upon rendering a final order, may determine the amount of rent due to the petitioner and give judgment for the amount found to be due." In the present case there is no question but that the precept contained an adequate notice of demand.

The amendment before quoted, permitting judgment to be entered in a summary proceeding, was not intended as a substitute for the action to recover rent. It was intended merely to facilitate the cause of justice and eliminate unnecessary litigation by saving the landlord the necessity of instituting a separate action to recover rent. This relief could as well be granted in a summary proceeding. It was not the purpose of this amendment, as I see it, to permit a summary proceeding to recover possession of real property, which is a special proceeding, to be a substitute for the action for rent in a case where the jurisdictional facts for the maintenance of a summary proceeding are not shown to exist. Had jurisdiction of the summary proceeding been acquired, even though subsequently the tenant had removed from the premises, there might be no valid reason why the landlord should be compelled to resort to a separate action to recover the rent. (See *Four Forty-one Holding Corporation* v. *Bloom*, 141 Misc. 728.) But where, as in the instant case, no jurisdiction of the summary proceeding is acquired by the court, a different situation is presented.

It is to be noted that the statute does not say that the award of judgment for the amount of rent due is dependent upon rendering a final order *for the landlord*. It merely says (italics mine): " The court, upon rendering *a* final order, may determine the amount of rent due to the petitioner," etc. This interpretation of the section does not mean, however, that where the jurisdictional requirements for the maintenance of a summary proceeding are lacking, the court should retain the proceeding merely to give the judgment for the amount of rent due. The contrary is the case. Jurisdictional facts not appearing, this proceeding must come to an end and the proceeding be dismissed.

While it is true that I have reached the conclusion that the landlord must fail so far as the recovery of possession of the premises in this proceeding is concerned, that failure is not due to the fact that no rent is due to the landlord. The failure is due solely to the fact that the tenant was not in possession of the premises when these proceedings were instituted.

I resolve the issue submitted to me in favor of the tenant, and a final order should accordingly be entered for the tenant, which will dismiss the proceedings for want of jurisdiction, and which shall be without prejudice to an action by the landlord for rent.

Submit final order.