928 SIXTH AVENUE CORPORATION, Landlord, *v.* SOLOMON GREENMAN, Tenant.

Municipal Court of New York, Borough of Manhattan, Ninth District, April 11, 1932.

*Arnstein & Levy*, for the landlord.

*Joseph Gans*, for the tenant.

LEWIS, DAVID C., J. The tenant challenges the right of the landlord to institute and maintain these summary proceedings on the ground that the tenant had vacated and removed from the demised premises prior to the date of the commencement of these proceedings; and that he has not been in occupancy of the premises since his removal.

The demised premises consist of the second floor of a tenement house originally occupied by the defendant as a dwelling for himself and family under a lease dated July 28, 1931, for a term commencing October 1, 1931, and ending September 30, 1933.

On February 20, 1932, the tenant moved his family and practically all their belongings from the premises, and claims that upon his removal he gave up the key. Some old shoes and a fire-damaged piece of furniture described as a blackboard or easel or open book shelves were left on the premises.

On March 4, 1932, the landlord commenced these proceedings.

The tenant's daughter testified that the said personal property left on the premises was of comparatively trivial value; and that they had been abandoned by the tenant. And there appears neither reason nor proof for doubting this testimony.

While the landlord concedes that the mere presence of these articles on the premises, after the expiration of the term and provided the tenant had moved out, would not be sufficient to support a claim of any extension or renewal of the hiring on the theory of a holdover, he insists that their presence on the premises during the term, notwithstanding the tenant has moved out, is sufficient to constitute an occupancy by the tenant, in so far as occupancy is essential to the institution and maintenance of summary proceedings.

The landlord does not dispute the soundness of the recent ruling (*21 West Forty-sixth Street Corp.* v. *Latherizer Corp.*, 142 Misc. 487), but the landlord would except these proceedings from that rule.

Respected authority instructs us that the possession of demised premises by the tenant precludes the presumption of the tenant's abandonment of his personal property located on the premises.

" The title of the landlord to fixtures which the tenant has left after the expiration of the term and after his delivery of possession, and which the tenant would otherwise have had the right to remove, is *based upon the presumption of abandonment by the tenant to the landlord.* No such presumption can attach *so long as the tenant* remains in possession." (Italics mine.) (*Lewis* v. *Ocean N. & P. Co.*, 125 N. Y. 341, at p. 350.)

To rule that possession of the premises by the tenant prohibits the implied presumption of the tenant's abandonment of his personal property then located on the premises does not rule that presence merely of personal property of the tenant left on the premises after the tenant has vacated precludes proof that the tenant has removed from the premises and abandoned the personal property.

The landlord would warrant these proceedings as a matter of precaution, if not protection, against possible liability on its part for conversion of the said personal property.

Title to the personal property is something distinct from the possession or occupancy of the real property. A tenant may

surrender possession or be evicted — and at the same time retain its title to personal property left on the premises.

The respective rights and duties of the parties in such instances have been judicially defined.

" The goods in question were not abandoned by the tenant. * * * As to ordinary chattels left upon the premises *on removal or after eviction,* it is the duty of the landlord to notify the tenant to remove them, and in case he does not, to himself cause their removal. (*Roberts* v. *Kain,* 6 Robt. 354.) " (*Reich* v. *Cochran,* 114 App. Div. 141, at p. 143.)

The tenant being out and the premises being vacant, there is neither need nor authority for these proceedings.

" We are of the opinion that the court was without jurisdiction to make the order, for the uncontroverted evidence shows that the tenant was not in possession at the time the proceeding was instituted, and was not holding over or claiming any rights as a tenant of the premises. It is essential to the jurisdiction of the court to entertain a summary proceeding and to make a final order therein that the tenant should be in possession. (Code Civ. Proc. § 2231; *Brown* v. *Mayor,* 66 N. Y. 385; *Ash* v. *Purnell,* 32 N. Y. St. Repr. 306; *Gallagher* v. *Reilly,* 31 id. 556; *Boehm* v. *Rich,* 13 Daly, 62.) * * * A marshal or other officer of the court could give plaintiff nothing under the final order *for the premises were wholly vacant and plaintiff had the keys. It is not necessary to decide whether the tenant was justified in removing from the premises * * * for since it clearly appears that the tenant was not in possession the summary proceedings cannot be sustained."* (Italics mine.) (*Warrin* v. *Haverty,* 149 App. Div. 564, at p. 567.)

A final order is, therefore, awarded in favor of the tenant.