FOUR FORTY-ONE HOLDING CORPORATION, Landlord, Respondent, *v.* NATHAN BLOOM, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, July 26, 1933.

*Milton Elias Schattman*, for the appellant.

*Seidman, Zuckerman & Seidman* [*Joseph A. Seidman* of counsel], for the respondent.

UNTERMYER, J. In this summary proceeding for non-payment of rent and to recover judgment for $863.34, the amount claimed to be due, the tenant vacated the premises before the return of the precept and in his answer asserted as a defense " that in conformity with said notice [precept] the tenant has removed from said premises and is no longer in possession thereof."

The return does not disclose any trial of the issues, but the justice below, in his opinion (141 Misc. 728), says: " But a single question is presented for my decision in this proceeding. That question is whether this court has been ousted of jurisdiction to make a final order herein, because of the tenant's compliance with one of the alternative demands of the precept, he having moved out prior to the return of the precept, and whether in consequence of such moving out, no money judgment for rent, admittedly due from the tenant can be directed herein."

In his opinion the justice indicated that although the removal of the tenant did not deprive the court of jurisdiction, it prevented the entry of a final order in favor of the landlord, but that notwithstanding this, the landlord was entitled to recover the rent due upon a dismissal of the proceeding. The " final order and judgment," however, makes no disposition of the summary proceeding, and merely determines that the rent due amounts to the sum of $683.34, and that the landlord have judgment for that sum.

The amendment of 1924 allowing a recovery for the rent due in summary proceedings (Civ. Prac. Act, § 1425) seems clearly to contemplate that a final order in favor of the petitioner must concur with the granting of the judgment for the rent. It is not to be supposed that it was the purpose of the amendment to confer

jurisdiction on the Municipal Court to enter judgment, which may exceed the statutory limitation of $1,000, except as an incident of a summary proceeding resulting in favor of the landlord. (*Matter of Byrne* v. *Padden,* 248 N. Y. 243.) If the proceeding results in a final order in favor of the tenant there is no authority under section 1425 to enter judgment in favor of the landlord for the rent due. (Cf. *Fein* v. *Fein,* 261 N. Y. 441.) It follows that the judgment appealed from can only be sustained if the landlord was entitled to a final order awarding it possession of the premises notwithstanding the removal of the tenant after the service of the precept.

The only authority at all sustaining the claim of the tenant that his removal deprived the court of jurisdiction is a dictum in *Brown* v. *Mayor* (66 N. Y. 385, 391). In that case Judge FINCH, referring to the provisions of the Revised Statutes (2 R. S. 513, § 28 *et seq.*), said that " if the person proceeded against obeys the summons and removes from the premises before the return day, he can appear on that day and show the fact of his removal, and then no warrant can be issued." Whether the removal of a tenant before the return of the precept operates to deprive the court of jurisdiction which has concededly attached or whether it constitutes any defense in a summary proceeding was, however, not presented by the facts in the *Brown* case. Indeed, even the language of that opinion refers only to the issuing of the " warrant " and does not suggest that the tenant's removal would deprive the landlord of judgment, which under the statutes then existing (2 R. S. 516, § 50) was the formal termination of the proceeding. We hold, therefore, that even the dictum in *Brown* v. *Mayor* (*supra*) does not affect the question here.

Decisions to the effect that there is no jurisdiction to make a final order in summary proceedings unless the tenant was in possession when the proceedings were instituted are manifestly inapplicable. (*Warrin* v. *Haverty,* 149 App. Div. 564, and authorities cited.) When this proceeding was instituted the tenant was in possession. The court then had jurisdiction to entertain the proceeding and, jurisdiction over the subject-matter having once vested, was not divested by subsequent events, although of such character as would have prevented jurisdiction from attaching in the first instance. (*Mollen* v. *Torrance,* 9 Wheat. 537; *Wichita Railroad & Light Co.* v. *Pub. Util. Comm.,* 260 U. S. 48; *Koppel* v. *Heinrichs,* 1 Barb. 449, 451.) If the appellant's contention were sustained, a judicial officer would not know whether he had jurisdiction to make the final order when, as frequently occurs (*Cornwell* v. *Sanford,* 222 N. Y. 248), the tenant removes in obedience to the precept and defaults.

We are further of opinion that, jurisdiction existing, the removal

of the tenant did not operate to arrest the proceedings properly begun. The form of precept under the former Code of Civil Procedure and under section 1418 of the Civil Practice Act is in substance the same as that of the summons under the Revised Statutes. By the process of the court, or of a judicial officer, the tenant is required " forthwith to remove from the property " or to " show cause " before the court or officer why possession should not be delivered to the petitioner. This means that if the tenant desires to defend he must " show cause," by answer or otherwise, contesting the landlord's proceeding; if he has no defense he should " remove from the property " and allow the landlord to resume possession either by adjudication rendered in the proceeding or without adjudication if the landlord regard it as unnecessary. (*Cornwell* v. *Sanford, supra.*) " If sufficient cause is not shown upon the return of the precept," the statute (Civ. Prac. Act, § 1430) provides that the judge or justice must make a final order awarding to the petitioner delivery of possession of the property. (*People ex rel. Allen* v. *Murray*, 2 Misc. 152, affd., Id. 157; affd., 138 N. Y. 635.) Of course, where the tenant remaining in possession has paid the rent and costs a final order is unnecessary. (*Matter of Flewwellin* v. *Lent*, 91 App. Div. 430.) Where the proceeding is properly instituted for non-payment of rent, as here, after the preliminary requirement of demand, followed by refusal by the tenant to pay or to remove, it is not a " sufficient cause " to defeat the proceeding that the tenant has given up possession after the service of the precept. The landlord, if justified in instituting such proceedings, under the existing statute is entitled to a final adjudication of the rights of the parties and, in a proceeding of a legal character such as this, those rights are to be determined as they existed at the time the proceedings were commenced. (*Miles* v. *Casualty Co. of America*, 203 N. Y. 453, 458; *Wisner* v. *Ocumpaugh*, 71 id. 113; *Styles* v. *Fuller*, 101 id. 622.) The appearance of the tenant in such case, coupled with his assertion that he has given up possession, is merely equivalent to a concession of the justice of the landlord's demand.

To uphold the tenant's contention would subject the landlord to further difficulty and delay arising out of contingent claims of third persons to the right of possession under assignment or otherwise from the tenant, or the resumption of possession by the tenant himself, requiring resort by the landlord to a new proceeding to obtain possession. (See Keogh Landl. & Ten. Summary Proceedings, 337.) Moreover, the proceeding having been properly brought, the landlord was entitled to the statutory costs and these could only be awarded by the final order. (Civ. Prac. Act, § 1430.)

Final order and judgment modified by adjudicating that the landlord is entitled to a final order for the possession of the premises described in the petition, and as modified affirmed, with twenty-five dollars costs to respondent.

CALLAHAN and UNTERMYER, JJ., concur.

Concurring memorandum by LEVY, J.: For a great many years the dictum of the Court of Appeals in *Brown* v. *Mayor* properly received at the hands of courts of inferior jurisdiction the respect to which it was entitled. But it must be conceded that section 1425 of the Civil Practice Act, as at present constituted, was not then in being; the amendment of 1924, therefore, could not have been in contemplation. In this one finds the distinction. Hence I am constrained to concur.

Present: LEVY, CALLAHAN and UNTERMYER, JJ.