In the Matter of the Application of CHARLES E. WYTHE, Landlord, for the Removal of FRANK WHITE, Tenant.

City Court of Tonawanda, Erie County, December 18, 1933.

*Fred C. Root,* for the petitioner.

*Frank White, in pro. per.*

HACKETT, J.   This is a summary proceeding in which petitioner seeks an order removing respondent from certain premises located on Scott street in the city of Tonawanda, N. Y., and for judgment for the rent thereof alleged to be due and unpaid.   Prior to the date of the precept herein the respondent removed from the premises. Consequently, the only issue left for litigation is the issue as to the amount of rent, if any, due and unpaid, and this was the only issue presented upon the trial, respondent having appeared and, with consent of petitioner, having interposed a verbal general denial.

Removal of a respondent tenant from premises subsequent to the date of the commencement of a proceeding of this character does not deprive the court of jurisdiction to properly determine the amount of rent owing, if any, and to render judgment therefor. (*Four Forty-One Holding Corp.* v. *Bloom,* 141 Misc. 728.)   However, where the respondent tenant removes from and/or abandons the premises *before* commencement of the proceeding, no such judgment for rent may be properly granted in a proceeding of this nature. (*21 West Forty-sixth Street Corp.* v. *Latherizer Corp.,* 142 Misc. 487, 489.)   In the latter case the court said: " It is to be noted that the statute does not say that the award of judgment for the amount of rent due is dependent upon rendering a final order for the landlord.   It merely says: ' The court, upon rendering a final order, may determine the amount of rent due to the petitioner,' etc. This interpretation of the section does not mean, however, that where the jurisdictional requirements for the maintenance of a summary proceeding are lacking, the court should retain the proceeding merely to give the judgment for the amount of rent due. *The contrary is the case.*   Jurisdictional facts not appearing, this proceeding must come to an end and the proceeding be dismissed." (Italics mine.)

In the proceeding at bar the precept is dated November 20, 1933. The petition was filed on November 20, 1933, and with the precept was served by posting and mailing on November 21, 1933.   The petition was returnable on November 29, 1933.   The undisputed, indeed the only, evidence in the record is that respondent removed from the premises described in the petition and precept on November 16, 1933.   No evidence was given showing, or tending to show, that petitioner could not at all times subsequent to November 16, 1933, have taken complete possession of the premises without need of this instant proceeding.   Consequently, upon this showing, the

respondent removed from the premises four days prior to the commencement of this proceeding and this court was, and is, without jurisdiction herein. (Civ. Prac. Act, § 1410; *Warrin* v. *Haverty,* 149 App. Div. 564; *21 West Forty-sixth Street Corp.* v. *Latherizer Corp., supra.*) The court having no jurisdiction of this instant proceeding has now no jurisdiction in this proceeding to render judgment for the rent alleged to be due and unpaid. (Authorities *supra.*)

To again make use of the language used by the learned justice who wrote in the case of *21 West Forty-sixth Corp.* v. *Latherizer Corp.* (*supra*): " While it is true that I have reached the conclusion that the landlord must fail so far as the recovery of possession of the premises in this proceeding is concerned, that failure is not due to the fact that no rent is due to the landlord. The failure is due solely to the fact that the tenant was not [on the evidence] in possession of the premises when these proceedings were instituted."

Further, it appears that there may be an additional reason why judgment for the alleged unpaid rent cannot now be granted and entered in the instant proceeding. The respondent tenant was not personally served with petition and precept herein. The return of the constable discloses that he made service by affixing a copy of said petition and precept on a conspicuous part of the building and by depositing copies thereof in the general post office at Tonawanda, N. Y., inclosed in a properly sealed and postpaid wrapper addressed to said respondent. (Civ. Prac. Act, § 1421, subd. 3.) It now appears to be well settled that in proceedings of this nature money judgment for alleged unpaid rent may not be granted and entered unless the respondent tenant is served personally or by substituted service upon an order of the court or that he voluntarily appear. (*Matter of McDonald,* 225 App. Div. 403; *Brambir* v. *Seifert,* 127 Misc. 603; *Court Square Building, Inc.,* v. *Harris,* 140 id. 542.) In *Court Square Building, Inc.,* v. *Harris* (*supra,* 542, 544) the court says: " The purpose of the amendment of section 1425 of the Civil Practice Act above referred to was to simplify the practice and combine in a single litigation the summary proceeding and the action for rent in arrears. That purpose is accomplished if we confine the summary proceedings in which a money judgment is allowable for arrears of rent to those in which the precept has been personally served. To construe the section broadly and allow a money judgment to be obtained on what we may call substituted service, justified solely by the affidavit of the process server without the sanction of the order of the court, would be to incorporate into our law a novel practice, and to break down a long-established uniformity." In the proceeding at bar the defendant appeared in

person both at or subsequent to the return date of the precept, and it may be that this appearance constituted sufficient " voluntarily appearance " to make *Court Square Building, Inc.,* v. *Harris,* and other various authorities, as to this point inapplicable. However, it may be well to keep in mind that the respondent tenant was not represented by counsel, and that consequently he may not have been fully advised as to the result, or possible result, of such an appearance. If the appearance thus made by the respondent tenant does not constitute a " voluntarily appearance," then clearly *Court Square Building, Inc.,* v. *Harris* and the other similar authorities herein cited are applicable.

In accordance with the views expressed, final order is hereby granted and entered in favor of the respondent tenant and against the petitioner landlord dismissing this proceeding for lack of jurisdiction, with costs, but without prejudice, however, to the right of the landlord to a subsequent and different action or proceeding for the rent. This appears to be all which this court may properly do under the law in this proceeding. Petitioner, of course, may sue in an action at law for such rent as he alleged to be due him from the respondent, and in such an action that issue can be, and will be, determined. Were it determined herein and judgment rendered against respondent, such judgment would be of no force or effect owing to the court's lack of jurisdiction to render it. I do not find or decide that petitioner is not entitled to some rent. For lack of jurisdiction herein, I leave that issue for consideration and determination in another and subsequent action.