EAST BRONX PROPERTIES, INC., Landlord, *v.* KENNETH JAMES, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, March 24, 1951.

*Samuel Pecker* for landlord.

*Murray Freeman* for tenant.

FRANK, J. This is a nonpayment summary proceeding. The proof on the trial established that the landlord although the owner of the premises at the commencement of the proceeding was divested of title by virtue of a condemnation proceeding prior to the trial. The landlord does not seek a final order but maintains that he is entitled to a money judgment for past due rent.

In the instant case it is obvious that a final order cannot be signed awarding possession to the petitioner for it is no longer entitled to possession. Can, therefore, a final order be entered for the landlord? Or, can a money judgment be entered without a final order? The record discloses that the petitioner conceded that the court could not sign a final order awarding it possession of the premises in question. Section 1425 of the Civil Practice Act, in part, provides: " If the precept contain a notice that demand is made in the petition for a judgment for rent in arrears, and the precept is served at least five days before the return day thereof, the court, *upon rendering a final order,* may determine the amount of rent due to the petitioner

and give judgment for the amount found to be due.'' (Emphasis supplied.)

Prior to the 1924 amendment of section 1425 of the Civil Practice Act to include the above-quoted paragraph (L. 1924, ch. 514), no money judgment was obtainable in a summary proceeding. The amendment to effect a practical result and to eliminate the necessity of a separate action for rent authorized the granting of a judgment '' upon rendering of a final order ''.

The petitioner contends that the court having had jurisdiction at the commencement of the proceedings, should retain that jurisdiction for all purposes and to support its position cites two cases: *21 West Forty-six St. Corp.* v. *Latherizer Corp.* (142 Misc. 487) and *Matter of Wythe* v. *White* (150 Misc. 405). The petitioner's position can probably be best stated in the language of Judge ANDREWS in *Matter of Byrne* v. *Padden* (248 N. Y. 243, 247) which is: '' In short an inferior or local court, having once obtained jurisdiction may dispose of the entire dispute between the parties unless prohibited by Constitution or Statute.''

The jurisdictional questions considered in the cases cited by the petitioner arose as the result of the removal from or abandonment of the premises by the tenant. The decisions in those cases may therefore be justified by the argument that the tenant could not oust the court of jurisdiction and thus burden the landlord with additional litigation by his act in surrendering possession.

In the case under consideration, the tenant remains in possession. He has a new landlord. The petitioner is no longer entitled to possession. The tenant has performed no act to divest the court of its jurisdictional power to sign a final order.

The change in title and the right to possession which divests the court of the power to sign a final order in favor of the landlord flows from the landlord and not the tenant.

Should a landlord who divests the court of jurisdiction to sign a final order in a summary proceeding by his own act, nevertheless, be entitled to a judgment for rent which is purely incidental relief? I think not. Research has failed to reveal any case on the precise point. The decisions have held that a landlord by an assignment of rent loses the right to maintain summary proceedings. (*45 Maiden Lane* v. *Reynolds Buffets,* 143 Misc. 679.) A mortgagee who '' enters upon and takes possession '' pursuant to the terms of a mortgage prior to foreclosure and sale may not dispossess tenants in possession. (*Dime Sav. Bank of Brooklyn* v. *Fox,* 147 Misc. 24; *Prudence*

*Co.* v. *160 W. 73rd St. Corp.,* 260 N. Y. 205.) Thus by analogy, there is reiteration of the principle that the conventional relationship of landlord and tenant must continue to exist to invoke the statutory right of summary proceeding. The authorities relied upon by the petitioner would seem to create an exception to the general rule in the case of a tenant who vacates after the service of process.

Summary proceedings are the creatures of statute, unknown to the common law, and provide a simple process to obtain possession of real property. There is no power in the courts to extend relief accorded by this statutory creation in the absence of clear and explicit direction by the lawmaking arm of government. The enactment of the 1924 amendment to section 1425 of the Civil Practice Act did not substitute a summary proceeding for an action at law for rent. The relief given there was merely incidental to the proceeding. Where the proceeding fails, the incidental relief cannot survive.

With great deference to the ability and learning of the late Mr. Justice LAUER, this court must disagree with the obiter dicta in his opinion while a member of this court as it appears in *21 West Forty-sixth St. Corp.* v. *Latherizer Corp.* (cited above) to the effect that a final order may be entered for a tenant with a judgment for the landlord. This follows his decision in *Four Forty-One Holding Corp.* v. *Bloom* (141 Misc. 728) with which we must likewise disagree. In the first-mentioned case, however, Mr. Justice LAUER did state (p. 489): "This interpretation of the section does not mean, however, that where the jurisdictional requirements for the *maintenance* of a summary proceeding are lacking, the court should retain the proceeding merely to give the judgment for the amount of rent due. The contrary is the case." (Emphasis supplied.)

In our view, the granting of a judgment for rent past due in a summary proceeding can only follow as an incident of a final order in favor of the landlord.

Inferentially this would seem to be the effect of the decisions in the case of *Printerion Realty Corp.* v. *Fischer-Partelow, Inc.* (167 Misc. 452) and *Earl Holding Corp.* v. *Glicker* (199 Misc. 223).

A final order for the tenant dismissing the proceedings will be entered, without prejudice, however, to such action at law as the petitioner may decide to initiate.