Harold J. Hughes, Jk, J.
In this summary proceeding for nonpayment of rent and to recover judgment for unpaid rent in the amount of $200 plus interest and costs, defendant tenants move for dismissal of the proceeding for want of jurisdiction.
Upon the adjourned return date, it was stipulated by the parties to this proceeding, by their attorneys, that subsequent to the issuance of the precept initiating this proceeding on the 9th day oi April, 1962, and its due and timely service upon the tenants, but prior to the return date specified therein, i.e., April 18, 1962, said tenants vacated and removed from the demised premises.
The tenants move for dismissal of this proceeding on the ground that, since they removed prior to the return date specified in the precept the Justices’ Court no longer has jurisdiction to entertain this proceeding. Petitioner waived claim for final order awarding possession of the demised premises, but argues that this court retains jurisdiction for the purpose of entering judgment for the unpaid rent.
The removal of a tenant from premises prior to the return date of a precept in summary proceedings to recover possession of said premises does not oust the court of jurisdiction to issue a final order awarding possession to the landlord and determining the rent due. (Four Forty-One Folding Corp. v. Bloom, 148 Misc. 565; Sheldon Terrace v. Schneider, 18 Misc 2d 456.)
Jurisdiction: over the subject matter having vested, it is not divested by subsequent events. Cases cited by tenants, in which the tenants had removed prior to the issuance of the precept (21 West Forty-Sixth Street Corp. v. Latherizer, 142 Misc. 487) are readily distinguishable, for in that event, the court never secured jurisdiction.
*866 However, while this court would have jurisdiction to enter a final order awarding possession to the landlord and determining the rent due, the landlord in this proceeding has waived claim for award of possession. The opinion of Justice Untermeyer, in Four Forty-One Holding Corp. v. Bloom (supra, pp. 566-567) modifying the final order and judgment of the Municipal 'Court (141 Misc. 728) is particularly applicable:
“ The amendment of 1924 allowing a recovery for the rent due in summary proceedings (Civ. Prac. Act, § 1425) seems clearly to contemplate that a final order in favor of the petitioner must concur with the granting of the judgment for the rent. It is not to be supposed that it was the purpose of the amendment to confer jurisdiction on the Municipal Court to enter judgment, which may exceed the statutory limitation of $1,000, except as an incident of a summary proceeding resulting in favor of the landlord. (Matter of Byrne v. Padden, 248 N. Y. 243.) If the proceeding results in a final order in favor of'the tenant there is no authority under section 1425 to enter judgment in favor of the landlord for the rent due. • (Cf. Fein v. Fein, 261 N. Y. 441.) It follows that the judgment appealed from can only be sustained if the landlord was entitled to a final order awarding it possession of the premises notwithstanding the removal of the tenant after the service of the precept. ’ ’
Petitioner having withdrawn her demand for final order awarding possession of the premises, this court does not retain jurisdiction, under section 1425 of the Civil Practice Act, to award judgment for the rent. Tenants shall present final order dismissing this proceeding.