■  JAMES F. SOWALSKY, Appellant, v. E. F. MACDONALD STAMP COMPANY, INC., Respondent.— AULISI, J.  Appeal from an order of the ·County Court of Albany County, entered March 13, 1968, which reversed a judgment of the Albany City Court awarding possession of certain premises to appellant.  This proceeding was instituted to recover possession of premises allegedly occupied wrongfully by a hold-over tenant.  Respondent interposed the defense that it was a month to month tenant pursuant to section 232-c of the Real Property Law.  The crucial issue was whether the landlord had " accepted " rent for the period in question within the meaning of that section.  During the course of the trial held before the City Court, respondent's counsel asked the landlord upon cross-examination why he had not opened an envelope sent to him by the respondent and admittedly received and retained by him, which envelope, it was later learned when opened at the trial, contained a check for the November rent. Landlord's counsel's objections to these questions were sustained.  The County Court, in reviewing these evidentiary rulings on appeal, properly concluded that they were erroneous.  Under the circumstances of this case, testimony as to why the envelope was retained by the landlord and left unopened was highly probative evidence material to the main issue of the lawsuit, whether or not there had been an acceptance of the rent.  The testimony did not warrant exclusion on the ground that it amounted to a conclusion of the witness, but rather was properly admissible under the rule which permits a witness to testify as to his own intent when the same is material.  (Richardson, Evidence [9th ed.], § 384, subd. [1].)  Although the County Court recognized that the City Court was incorrect in making these evidentiary rulings, it held that the issue of possession was then academic and moot and, accordingly, it did not remit the matter to the City Court for further proceedings.  In this regard, its decision and the judgment entered thereon require a remand.  A landlord is entitled to a final order awarding possession, provided such an order is warranted by the evidence, notwithstanding the fact that tenant has removed from the premises subsequent to the commencement of the summary proceedings (*Matter of Schor* v. *Domery,* 34 Misc 2d 865; *Sheldon Terrace* v. *Schneider,* 18 Misc 2d 456; *Four Forty-One Holding Corp.* v. *Bloom,* 148 Misc. 565).  Order reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.  Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.

■  In the Matter of LELAND S. HOYT, as Assistant Director of the Broome County Probation Department, Respondent, v. DAVID H. PIERCE, Appellant.— STALEY, JR., J.  Appeal from an order of the Family Court, Broome County, entered May 2, 1968, which adjudged the appellant in contempt of court, ordered that the suspension of sentence in a prior contempt order be withdrawn, and imposed a jail sentence.  The sole issue presented by appellant is whether it is " constitutionally permissible for the Family Court to imprison a person for failure to make support payments as required by the Family Court Act "; appellant contending that he " has been denied his constitutional rights in that he has been sentenced to jail for failure to pay a civil debt."  The record discloses, however, that punishment was imposed solely for willful disobedience of the court's mandate.  (See *Fuller* v. *Fuller,* 31 A D 2d 587.)  Order affirmed, with costs.  Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Staley, Jr., J.