Davis, J.
(dissenting). This litigation was originally com *100 menced as a summary nonpayment proceeding and calendared in the commercial landlord-tenant part of the Civil Court. After the tenant surrendered possession of the premises, the proceeding was deemed a plenary action and transferred to the general Civil Court calendar for resolution of the monetary claims for outstanding rent (see, CPLR 103 [c]; Cabell, Kennedy & French v Walshe, NYLJ, Apr. 29, 1986, at 6, col 2 [App Term, 1st Dept]). The majority takes no issue with this procedure, but holds that the matter cannot be pursued in the plenary part of the Civil Court to the extent that the amount sought exceeds that court’s jurisdictional limit of $25,000. In my view, however, subject matter jurisdiction vested when this matter was commenced as a summary proceeding and, therefore, the Civil Court retained jurisdiction to render judgment for rent due without regard to amount.
In a summary proceeding, the Civil Court has subject matter jurisdiction “to render judgment for rent due without regard to amount” (CCA 204). The Civil Court’s jurisdiction to adjudicate an unlimited rent claim vested when this matter was commenced as a summary proceeding. Once subject matter jurisdiction vested, it “was not divested by subsequent events, although of such character as would have prevented jurisdiction from attaching in the first instance” (Four Forty-One Holding Corp. v Bloom, 148 Misc 565, 567 [App Term, 1st Dept]). Therefore, the subsequent deeming of this matter to be a plenary action, after tenant surrendered possession, and the transfer of the matter from one Civil Court calendar to another, did not divest the Civil Court of jurisdiction to render judgment for rent due without regard to amount (see, Paumi Corp. v Khafi, NYLJ, Jan. 31, 1990, at 24, col 3).
Landlord’s service of a new pleading does not warrant a contrary result. Landlord has simply sought to amend the original claim for rent to assert a claim for rent that postdates the petition. Due consideration should be given to not placing form over substance where, as here, the Civil Court ab initio properly obtained jurisdiction over the parties and the subject matter. It is the Civil Court that is the preferred forum to conduct landlord-tenant litigation (Cox v J.D. Realty Assocs., 217 AD2d 179). Having been properly commenced as a summary proceeding in the Civil Court, this matter should be litigated to conclusion in that court. Civil Court’s denial of the motion to transfer *101 this matter to Supreme Court should therefore be affirmed.
Parness, P. J., and Freedman, J., concur; Davis, J., dissents in a separate memorandum.