OPINION OF THE COURT
Gerald Lebovits, J.
*779 Following this court’s decision and order after trial of July 29, 2005 (see Goldman v Rosen, 8 Misc 3d 1020[A], 2005 NY Slip Op 51206[U] [Hous Part, Civ Ct, NY County 2005]), petitioner moves and respondent cross-moves for various relief. The court consolidates for disposition both the motion and the cross motion.
Petitioner moves for orders (1) setting a date certain for a hearing to determine the amount of attorney fees, costs, and disbursements to which petitioner is entitled as the prevailing party under the court’s July 29 judgment, and (2) modifying, under CPLR 5001 and 5002, the July judgment to include prejudgment interest on the full amount the court awarded. At trial, petitioner had sought an award of 18% interest. The court declined to grant that award because the parties’ original lease allowed for an 18% late charge, not 18% interest, and because the parties’ lease extension agreement, which allowed for only a 4% late charge, had superceded the provision in the original lease concerning late charges. Petitioner’s request for CPLR interest is therefore made for the first time.
Respondent cross-moves for an order (1) finding that the July 29 judgment represents an award of “rent,” rather than “use and occupancy,” and thus striking the judgment against him in its entirety and granting him attorney fees and costs, or, if the judgment stands, (2) modifying the judgment to strike the four percent late charge award, if the court determines that petitioner is entitled to prejudgment interest. In contrast to respondent’s argument that if the court awards statutory interest it should strike the award for the late charge, petitioner argues that she is entitled to interest on the late charge award.
Petitioner’s motions are granted. Respondent’s cross motions are denied.
On July 29, 2004, this court awarded a money judgment in petitioner’s favor for $149,058. This sum includes $5,733 as a four percent late charge granted under paragraph 5 of the lease extension agreement.
Paragraph 27 of the original lease makes attorney fees and costs available to petitioner for any proceeding to recover rent or possession. Citing paragraph 27, respondent argues that petitioner is not entitled to attorney fees in this holdover proceeding. Respondent’s point is that neither the “rent” nor the “possession” prong applies.
According to respondent, petitioner in this proceeding sought no rent (although at trial respondent characterized the case as *780 one for rent) but, rather, use and occupancy. Thus, according to respondent, if the case were for rent, the proceeding should be dismissed, and the judgment vacated, because a landlord may not seek rent in a holdover. Conversely, under this Catch-22 scenario, if petitioner had sought use and occupancy, which this court awarded, paragraph 27 of the original lease is inapplicable, given that it refers to rent only. Respondent further argues that possession was not at issue because he vacated the subject premises long before trial.
Calling the court’s July 2005 money judgment one for “rent,” as opposed to one for “use and occupancy,” or vice versa, does not affect any entitlement to attorney fees under paragraph 27 or suggest that the July judgment be altered. Although respondent vacated about three weeks after this proceeding began, possession in this holdover proceeding was at issue when this case began. That respondent vacated the premises during the proceeding does not affect this court’s jurisdiction to decide questions incidental to possession. (E.g. Green v Gray, 237 NYS2d 788, 789 [App Term, 1st Dept 1963, per curiam] [“The court below had jurisdiction of the summary proceeding even though the tenant was out of possession from the date of eviction to the date of trial, voluntarily or otherwise”]; Sheldon Terrace v Schneider, 18 Misc 2d 456, 456 [App Term, 2d Dept 1959, per curiam] [“Since it appears without dispute that the tenants were in possession at the time of the institution of this summary proceeding, their subsequent voluntary removal during its pendency did not have the effect of depriving the court of jurisdiction”]; Chatham Green Mgt. Corp. v AAFE Mgt. Co., 2003 NY Slip Op 51298[U], *3 [Civ Ct, NY County 2003] [“As long as the tenant was in possession at the date of the commencement of the summary proceeding, the court may retain jurisdiction over the matter”].)
Were the rule different, litigants—not only landlords but also tenants because of Real Property Law § 234’s reciprocal entitlement—seeking to collect attorney fees would be forced to discontinue summary proceedings and begin plenary actions upon a tenant’s vacature. Doing so would either violate “the Legislature’s 1924 decision to streamline expensive, duplicative litigation by joining in one lawsuit and before one court summary proceedings for possession and rent” (Dolan v Linnen, 195 Misc 2d 298, 299 [Hous Part, Civ Ct, Richmond County 2003]) or compel a court to award attorney fees to a prevailing party only until the point at which the tenant vacated—in this case three weeks in a proceeding that lasted months.
*781 Petitioner is entitled to statutory interest. A nine percent award of prejudgment interest must be added to a money judgment awarded for breach of contract. CPLR 5001 (a) provides that “[ijnterest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property . . . .” Interpreting CPLR 5001 (a), the Court of Appeals, in Solow v Wellner (86 NY2d 582, 589-590 [1995]), has held that “where, as here, the action is based on a claim of default on the lease agreement . . . the action sounds in contract and any party is thus entitled to prejudgment interest upon recovery of a money judgment.”
Petitioner is entitled to prejudgment interest on the entire principal amount of the money judgment, including the late charge awarded under paragraph 5, a substantive provision of the lease extension agreement. The late charge is not interest; it is a one-time charge under the lease extension agreement, which provides for liquidated damages for a delay in payment. Interest must be awarded on a late charge unless a contract provides differently.
Respondent cites Advanced Retail Mktg. v News Am. Mktg. FSI (303 AD2d 231, 231 [1st Dept 2003, mem]) to support his cross motion to vacate the court’s July 29 award of the late charge if the court now assesses prejudgment interest.
In Advanced Retail, the Court struck the late charge because the contract between the parties provided for a one percent late charge if a late payment caused the contract to be breached. But the plaintiff sought the late charge based on a breach of the contract’s best-efforts clause, not on late payment. Had the defendant exploited the plaintiffs design under the contract, the defendant would have received money, and payment would have been due under the contract. Payment never came due under the contract, however, because the defendant never exploited the plaintiffs design as the contract required, and therefore the late charges could not apply.
Advanced Retail supports petitioner’s argument. Had the Appellate Division in Advanced Retail decided, as respondent contends, that a trial court may never award a late charge if it also awards statutory interest, the Court would have said so, and the Court did not say so. Advanced Retail stands for the proposition that a court must award both late charges and CPLR interest if, as here, late charges apply, are certain (see Spodek v Park Prop. Dev. Assoc., 96 NY2d 577 [2001]), and are predicated *782 on a respondent’s breach of the lease’s payment requirements, not on a breach of some other contractual provision.
As this court found in its July 29 decision and order, a late charge is warranted in this proceeding under paragraph 5 of the lease extension agreement. The late charge, identified in paragraph 5 as “liquidated damages for the delay in payment and administrative inconvenience (and not as a penalty),” is calculated as a percentage of the base “rent.” The late charge accrues after the 10-day grace period in the lease extension agreement and is fixed at four percent if the eventual payment is made on the 11th day or any day thereafter.
A litigant is entitled to nine percent interest on money judgments “from the earliest ascertainable date the cause of action existed.” (CPLR 5001 [b].) Under the lease’s grace period, interest applies to late rent, or use and occupancy, on the sixth day following the due date. That is the earliest ascertainable date to assess the nine percent prejudgment interest. A late charge applies to late use and occupancy on the 11th day following the due date.
This court calculates the accrued prejudgment interest in the manner petitioner submitted in exhibit E of its motion. Through August 29, 2005, the interest on use and occupancy and the late charge is $15,124.38. For each day past August 29, interest is $35.35.
The money judgment of July 29, 2005 is modified to the extent that the court awards a further money judgment for $15,124.38 through August 29, 2005. Petitioner may enforce this additional judgment 14 days after notice of entry with service, but additional interest consistent with the above calculation begins on August 30, 2005.