124-02 Rockaway Blvd LLC v Ecuafast Multiservice LLC (2025 NY Slip Op 51564(U))

[*1]

124-02 Rockaway Blvd LLC v Ecuafast Multiservice LLC

2025 NY Slip Op 51564(U)

Decided on October 3, 2025

Civil Court Of The City Of New York, Queens County

Kagan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 3, 2025
Civil Court of the City of New York, Queens County

124-02 Rockaway Blvd LLC, Petitioner,

against
Ecuafast Multiservice LLC, Bryan Zuniga Salazar, Byron Ivan Zuniga Salazar, 
 XYZ Corp, "John Doe" & "Jane Doe," Respondents.

Index No. LT-300960-25/QU

Petitioner - 
ANDERSON, BOWMAN, WALLSHEIN PLLC 
80-02 KEW GARDENS ROAD, SUITE 600 
Kew Gardens, New York 11415 
Tel: (718) 263-6800 
Respondent - 
Brian McCaffrey, Esq.
88-18 Sutphin Blvd., Ste 1 
Jamaica, New York 11435
Tel: (718) 480-8280

Mark Kagan, J.

The petitioner seeks to proceed upon money claims in a commercial holdover proceeding. The respondents argue the court lacks jurisdiction to preside over any monetary claims. Papers have been submitted by the parties and after reviewing all the arguments this court now makes the following determination.
The petitioner commenced this holdover proceeding on January 16, 2025. The petitioner alleges the respondents are month to month tenants at a commercial premises located at 100-26 41" Avenue, Store #4 in Corona New York. The petitioner served a thirty-day notice to vacate which the respondents ignored precipitating this proceeding. On July 9, 2025 the respondent Bryan Zuniga Salazar submitted an affidavit wherein he stated that he vacated the premises and included photographs of the premises which supported the assertion the respondents had indeed vacated. Thereafter, the parties agreed to submit motions whether the petitioner had the right to now proceed upon a money judgement. The petitioner argues they maintain that right, notwithstanding the surrender of the premises by the respondents. The respondents insist the [*2]court no longer maintains jurisdiction to award a money judgement when there is no longer a concomitant demand for possession.
Conclusions of Law
It is clear that if a summary proceeding is commenced when the tenant is in possession then the court maintains jurisdiction over the proceeding (Four Forty-One Holding Corp. v Bloom, 148 Misc 565, 266 NYS 233 [Appellate Term First Department 1933]). The court explained that "jurisdiction over the subject-matter having once vested, was not divested by subsequent events, although of such character as would have prevented jurisdiction from attaching in the first instance" and that "jurisdiction existing, the removal of the tenant did not operate to arrest the proceedings properly begun" (id). Therefore, if a tenant surrenders or vacates the premises during the pendency of a proceeding, the tenancy is terminated, however, the court is not divested of jurisdiction over the proceeding (Tricarichi v. Moran, 38 Misc 3d 31, 959 NYS2d 372 [Appellate term Second Department 2012], see, also, Sowalsky v. E. F. MacDonald Stamp Company, 31 AD2d 582, 294 NYS2d 1016 [3rd Dept., 1968]). ). Of course, once the tenant vacates the premises the only relevant issues that are subject to the court's jurisdiction concern rental arrears and perhaps legal fees and other recoverable costs. Thus, in Sheldon Terrace Inc., v. Schneider, 18 Misc 2d 456, 193 NYS2d 484 [Appellate Term Second Department 1959]) the court held that "since it appears without dispute that the tenants were in possession at the time of the institution of this summary proceeding, their subsequent voluntary removal during its pendency did not have the effect of depriving the court of jurisdiction" (id). Again, in Rosebud Owner LLC v. Sang Tan Park, 81 Misc 3d 143(A), 203 NYS3d 800 [Appellate Term First Department 2024] and Mauer-Bach Realty LLC, 43 Misc 3d 141(A), 993 NYS2d 644 [Appellate Term First Department 2014] the Appellate Term First Department held that the tenant's voluntary vacatur of the premises during the pendency of the proceeding did not divest the court of jurisdiction to adjudicate claims for rent or use and occupancy. In Goldman v. Rosen, 9 Misc 3d 778, 800 NYS2d 638 [Civil Court New York County 2005] the court explained that requiring a landlord to discontinue a summary proceeding and commence a plenary action for rent or other fees would be expensive and duplicative. Moreover, when a landlord seeks attorney's fees the plenary action would only permit recovery of such fees to the moment the tenant vacated, notwithstanding the continuation of further litigation. Therefore, efficiency and the streamlining of litigation demands the same court hear money judgements when possession is no longer relevant.
These cases did not mention whether a judgement of possession was first required before a landlord could pursue monetary claims, apparently assuming that since possession was no longer an issue and the court still maintained jurisdiction then the landlord could proceed with any monetary claims. The tenant in this case argues that without a judgement of possession, even though there has been a surrender of the premises, the landlord cannot seek any monetary claims. Numerous cases cite to Four Forty-One Holding Corp. v Bloom (supra) to support the proposition that a monetary award can only be made "concomitant" with an award of possession in a summary proceeding (see, 615 Nostrand Avenue Corp. v. Roach, 15 Misc 3d 1, 832 NYS2d 379 [Appellate Term Second Department 2006], FBD Realty LLC v. Rego Park N.H. Ltd., 73 Misc 3d 131(A), 152 NYS3d 767 [Appellate Term Second Department 2021]). A careful examination of Four Forty-One Holding Corp. v Bloom (supra) demonstrates it may never have intended to provide such a broad (and oftentimes superfluous) requirement prior to seeking a money judgement. That case was decided shortly after the 1924 amendments to the Civil Practice Act which changed the law to permit a money judgement for the recovery of rent in a [*3]summary proceeding provided that certain conditions were satisfied (Patchogue Associates v. Sears, Roebuck and Company, 37 Misc 3d 1, 951 NYS2d 314 [Appellate Term Second Department 2012]). Against this backdrop, in Four Forty-One Holding Corp. v Bloom (supra) the tenant voluntarily vacated the premises after the lawsuit was commenced and asserted that he moved out and was no longer in possession and was no longer subject to jurisdiction. The lower court rejected that argument and held that since possession was no longer an issue then the dismissal of the action constituted a final order which would then enable the landlord to seek unpaid rent (see, Four Forty-One Holding Corp. v Bloom, (141 Misc 728, 252 NYS 699 [Municipal Court of the City of New York 1931]). The Appellate Term modified that conclusion and stated that "the amendment of 1924 (Laws 1924, c. 514) allowing a recover for the rent due in summary proceedings (Civil Practice Act, § 1425) seems clearly to contemplate that a final order in favor of the petitioner must concur with the granting of the judgment for the rent. It is not to be supposed that it was the purpose of the amendment to confer jurisdiction on the Municipal Court to enter judgment, which may exceed the statutory limitation of $1,000, except as an incident of a summary proceeding resulting in favor of the landlord If the proceeding results in a final order in favor of the tenant, there is no authority under section 1425 to enter judgment in favor of the landlord for the rent due It follows that the judgment appealed from can only be sustained if the landlord was entitled to a final order awarding it possession of the premises, notwithstanding the removal of the tenant after the service of the precept" (id). Thus, the Appellate Term did not necessarily hold that a judgement of possession must always, as a matter of law, precede a monetary judgement. Rather, the court merely held the landlord must maintain the right to possession before seeking unpaid rent and contrasted that scenario with an alternative one where the tenant prevailed concerning possession where no such monetary judgement is then possible. Therefore, if a tenant voluntarily vacates a premises the landlord should be permitted to seek a monetary judgement in the same proceeding even without actually obtaining a judgement of possession.
However, in Tzifil Realty Corp. v. Mazrekaj, 85 Misc 3d 20, 228 NYS3d 860 [Appellate Term Second Department 2025] the Appellate Term unequivocally held that a judgement of possession must be obtained before a landlord can move seeking a money judgement. Indeed, the court maintained that was true even if the tenant voluntary vacated and even if another tenant is now occupying the same premises. The court explained that "neither vacatur nor surrender of the premises by named respondents after the commencement of a summary proceeding affects the right of a petitioner to obtain a final judgment of possession against those respondents, so long as the petitioner can demonstrate that it had the right to recover possession from them at the commencement of the proceeding" (id). This remained true even if the actual judgement of possession would be "futile" since the tenant that is the subject of the judgement has already vacated rendering such judgement "academic" (id). The court acknowledged that Rosebud Owner LLC v. Sang Tan Park, (supra) and Mauer-Bach Realty LLC, (supra) may not require a judgement prior to seeking a money judgement and there may be a split among the departments of the Appellate Term. Of course, this court is bound by the Second Department and therefore without a judgement of possession the tenant cannot proceed with a money judgement even though the tenant has vacated.
In this case the petition seeks possession as well as use and occupancy. Therefore, the petitioner must first obtain a judgement of possession (RPAPL §747) and then seek a monetary judgement. Consequently, the request to proceed with a money judgement is denied at this time.
So ordered.
Dated: October 3, 2025
Jamaica, NY
Hon. Mark Kagan, JCC