Acquisition Am. VII, LLC v Mizrahi-Aks (2025 NY Slip Op 52081(U))

[*1]

Acquisition Am. VII, LLC v Mizrahi-Aks

2025 NY Slip Op 52081(U)

Decided on December 12, 2025

Civil Court Of The City Of New York, New York County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 12, 2025
Civil Court of the City of New York, New York County

Acquisition America VII, LLC, Petitioner,

againstEli Mizrahi-Aks, MATTHEW SHTAYNBERG, SAHAR PAZ, JOHN DOE, JANE DOE, Respondents.

Index No. L&T 301348/25

Gregg R. Kurlander, Esq.Borah, Goldstein, Altschuler, Nahins & Goidel, P.C.New York, NY Attorneys for petitionerJordi Fernandez, Esq.Long Island City, NYAttorney for respondent Eli Mizrahi-AksSergey Davydov, Esq.Greenvale, NYAttorney for respondents Sahar Paz and Matthew Shtaynberg

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent Eli Mizrahi-Aks's motion to dismiss:
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #7-13)Affirmation in Opposition & Exhibit Annexed 2 (NYSCEF #16-17)Reply Affirmation 3 (NYSCEF 19)
Upon the foregoing cited papers, the decision and order on respondent's motion is as follows.
PROCEDURAL HISTORY
This summary holdover proceeding based upon a 90-day notice of termination was filed [*2]in January 2025. One attorney appeared for respondents Sahar Paz and Matthew Shtaynberg and a separate attorney appeared for respondent Eli Mizrahi-Aks (hereinafter "Mizrahi-Aks"). In May 2025, counsel for Mizrahi-Aks filed a motion to dismiss, primarily asserting that this court lacks jurisdiction over Mizrahi-Aks because he vacated the subject premises on July 29, 2024, before commencement of this proceeding. Petitioner opposed the motion and following adjournments for potential settlement, the court heard argument on December 11, 2025.[FN1]

DISCUSSION & CONCLUSION
In support of his motion, Mizrahi-Aks states in his affidavit that he permanently vacated the subject premises, of which he had been a co-lessee, on July 29, 2024, two (2) days before the expiration of the most recent lease and annexes an email dated July 29, 2024 from him to petitioner's management company, stating that he would be vacating. Petitioner does not dispute Mizrahi-Aks's allegations regarding vacatur but nonetheless argues that he could not surrender possession with his other co-lessees remaining in possession after his vacatur.
Under RPAPL § 711(1), a summary proceeding may be maintained where "[t]he tenant continues in possession of any portion of the premises after the expiration of his term, without the permission of the landlord, or in a case where a new lessee is entitled to possession, without the permission of the new lessee." (emphasis added). The Court of Appeals has held that a summary proceeding "is of a purely possessory character." (Jones v. Gianferante, 305 NY 135, 139 [1953]). Jones involved a summary proceeding pursuant to article 83 of the Civil Practice Act, a precursor to article 7 of the RPAPL. Nonetheless, the fundamentally possessory nature of summary proceedings has been recognized in relation to Article 7 of the RPAPL (see Patchogue Assoc. v. Sears, Roebuck & Co., 37 Misc 3d 1, 4 [App Term, 9th & 10th Jud Dists 2012]). A summary proceeding does not lie unless the respondent is in possession of the subject premises at the time of commencement (see Jah Jeh Realty Corp. v Staten Island University Hospital-EAP, 15 Misc 3d 131[A], 2007 NY Slip Op 50669[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007] [citing Warrin v Haverty, 149 AD 564 [1st Dept 1912]]). This is distinguishable from the rule of continuing jurisdiction where a tenant is in possession at commencement but vacates during the pendency of the proceeding (see Sowalsky v MacDonald Stamp Co., 31 AD2d 582 [3d Dept 1968]; Tzifil Realty Corp. v Mazrekaj, 85 Misc 3d 20, 23 [App Term, 2d Dept, 2d, 11th & 13th Dept 2025]; Four Forty-One Holding Corp. v Bloom, 148 Misc 565, 568 [App Term, 1st Dept 1933]). 
Petitioner cites to Stahl Assoc. Co. v Mapes, 111 AD2d 626 [1st Dept 1985] to argue that Mizrahi-Aks could not surrender with his co-lessees remaining in possession. However, Mapes was a plenary (ejectment) action and involved a subtenant, rather than a co-tenant. The Appellate Division noted the sublessor's obligation to remove the subtenant and observed that "a wrongful holding over by a subtenant is to be deemed the same as a wrongful holding over of the tenant sublessor." (Mapes, 111 AD2d at 629). Here, each of the lessees was jointly and severally bound to pay the rent under the lease (see Lease [NYSCEF Doc. 10], ¶ 47). However, petitioner brought this holdover proceeding primarily seeking possession of the subject premises against each respondent, not rent due under any lease. Thus, any monetary award for use and occupancy (the only relief logically pursued against Mizrahi-Aks at this juncture) would be merely [*3]incidental to a possessory judgment (Tzifil Realty Corp. v Mazrekaj, 78 Misc 3d 128[A], 2023 NY Slip Op 50278[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023] [citing RPAPL § 747(4)]; Patchogue Assoc., 37 Misc 3d at 4). Moreover, the obligation to pay use and occupancy ceases upon vacatur (see 40 Rector Owner LLC v City of New York, 137 AD3d 700, 702-703 [1st Dept 2016]; Decker Assoc. LLC v Kim, 81 Misc 3d 130[A], 2023 NY Slip Op 51260[U], *1 [App Term, 1st Dept 2023] [The responsibility to pay use and occupancy is predicated on a theory of quantum meruit]). 
As there is no genuine dispute that Mizrahi-Aks vacated and ceased to remain in physical possession of the subject premises before commencement, the court finds that petitioner lacks a cause of action against him in this RPAPL Article 7 holdover proceeding seeking possession of the subject premises. The proceeding may continue against the remaining respondents and petitioner reserves all monetary claims arising under the lease against Mizrahi-Aks for a plenary action. Upon this determination, the instant motion is granted, and the petition is dismissed against Eli Mizrahi-Aks. 
The proceeding will be restored for all purposes, including trial transfer, as to the remaining respondents on January 16, 2026 at 9:30 AM. This Decision/Order will be filed to NYSCEF.
Dated: December 12, 2025New York, New YorkHON. CLINTON J. GUTHRIE, J.H.C.

Footnotes

Footnote 1:Counsel for respondent Shtaynberg and Paz took no position on Mizrahi-Aks's motion at argument.