### HYMAN *v.* BOSTON CHAIR MANUF'G CO.

*(Superior Court of New York City, General Term.* June 27, 1890.)

COVENANTS—QUIET ENJOYMENT—EVICTION.

     Where judgment has been rendered in summary proceedings against a tenant and his immediate landlord, awarding possession to the superior landlord, and the tenant voluntarily surrenders the premises, there is an eviction and a breach of the covenant for quiet enjoyment in the lease.

Appeal from trial term.

Action by Eli Hyman against Boston Chair Manufacturing Company, brought to recover damages for the breach of a covenant for quiet and peaceful enjoyment under a lease. On or about the 6th day of August, 1888,

plaintiff entered the premises mentioned in the complaint, under a verbal lease with the defendant, which lease was to expire on the 1st day of May, 1889. The plaintiff remained in occupation of the premises until about the 9th day of November, 1888. On that day, and after he had paid the rent for the month of November, he was served with a copy of a precept requiring him forthwith to remove from the premises mentioned in the complaint. The summary proceedings were instituted by the superior landlord of the plaintiff and of the defendant. Both plaintiff and defendant were made parties to the summary proceedings. They resulted in a final order and judgment awarding the possession and the delivery of the premises to the superior landlord; and thereupon, after the entry of the judgment, the plaintiff surrendered the premises. From a judgment dismissing his complaint, plaintiff appeals.

Argued before TRUAX and O'GORMAN, JJ.

*Samuel F. Hyman*, for appellant. *Benjamin E. Hall*, for respondent.

TRUAX, J. It is not necessary,. in order to constitute an eviction, that the tenant be dispossessed or deprived of the demised premises by process of law. It is enough if the tenant yield the possession of the premises to the person having the legal title thereto, or to the person who has been adjudged to be entitled to the possession of the premises. 7 Amer. & Eng. Enc. Law, 36, and cases cited. The rule to be gathered from all the authorities, said the court of appeals in *Insurance Co.* v. *Sherman*, 46 N. Y. 373, and which accords with good sense, is that when a judgment of a competent court has determined that a tenant shall deliver possession of demised premises to a particular person, he need not wait to be forcibly ejected, but may acquiesce in the judgment of the court, and voluntarily obey its mandate. It would be unreasonable to insist that plaintiff should have remained in the premises until he had actually been dispossessed by a marshal, and his property put out on the sidewalk. There was a judgment of a competent court, made in a proceeding *to which both plaintiff and defendant were parties, that determined that the premises should be delivered to a person who had a better right to them than either plaintiff or defendant had.* Plaintiff obeyed that judgment, and by so doing was evicted, and the covenant of quiet enjoyment was broken. Judgment reversed, and a new trial ordered, with cost to the appellant to abide the event.