BALDWIN v. THIBAUDEAU et al.

*(Common Pleas of New York City and County, General Term. February 1, 1892.)*

1. LANDLORD AND TENANT—TERMINATION OF RELATION—REMOVAL FROM PREMISES.

Defendant in summary proceedings may, at any time after service of the precept, and before judgment and execution, remove from the premises, and thereby as effectually terminate the relation of landlord and tenant as if a warrant for possession had been issued; nor can the landlord obviate such result by notifying the tenant that he will avail himself of the final order, but will continue to hold the tenant liable for all subsequently accruing rent.

2. SAME—VACANCY DURING "TERM"—DEPOSIT TO SECURE DEFICIENCY.

A lease provided that the landlord might, in case of a vacancy "during the term," enter, and relet the premises for the tenant's account, and that the tenant should deposit the sum of $208.33 to meet any deficiency accruing on the reletting. *Held,* that a vacancy occasioned by a recovery of possession by the landlord in summary proceedings for non-payment of rent was a vacancy occurring "during the term," and that, a deficiency having occurred on a reletting of the premises, the landlord was entitled to recover the deposit.

Appeal from eighth district court.

Action by Virginia W. Baldwin against Wilhelmina A. Thibaudeau and others, to recover a deposit to secure the covenants of a lease. From a judgment for plaintiff, defendant Thibaudeau appeals. For former report, see 14 N. Y. Supp. 788. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Winthrop Parker,* for appellant. *Solomon F. Higgins,* for respondent.

BISCHOFF, J. The contention between the parties to this appeal is as to the legal effect of the facts appearing on the trial, which were undisputed, and are, briefly stated, as follows: Plaintiff and defendants entered into a lease under their hands and seals, whereby plaintiff let and rented, and the defendants accepted, the premises 231 West Thirty-Eighth street, in the city of New York, for the term of three years, from October 1, 1890, to October 1, 1893, at the yearly rent or sum of $2,500, to be paid in equal monthly installments, in advance. Besides the payment of the rent and Croton water charges, and the surrender of the premises upon the expiration of the term in as good state and condition as reasonable use and wear thereof would permit, the defendants covenanted "that if the said premises, or any part thereof, shall become vacant during the said term, the said party of the first part, [plaintiff,] or her representative, may re-enter the same, either by force or otherwise, without being liable to any prosecution therefor, and relet the said premises as the agent of the parties of the second part, [defendants,] and receive the rent thereof, applying the same, first, to the payment of such expenses as she may be put to in re-entering, and then to the payment of rent due by these presents; and the balance, if any, to be paid over to the said parties of the second part, who shall remain liable for any deficiency;" and, further, "to pay to the party of the first part the sum of two hundred and eight dollars and thirty-three cents, on the fourth day of October, 1890, as additional security for the performance of" the covenants of the lessees, "and not as rent." Defendants took possession under this lease, and continued in possession until some time in January, 1891, when, for default in the payment of the rent which had accrued on January 1, 1891, plaintiff instituted summary proceedings to recover possession of the premises, under the statute for such cases made and provided. These proceedings were not contested, and, on January 22, 1891, resulted in a final order awarding such possession to the plaintiff, whose representative, however, at once informed defendants that she did not intend to take possession, nor would she accept it, and that

it was not her intention to avail herself of the warrant issuable under the final order awarded, but that she would continue to hold the defendants for all future accruing rent. Defendants, notwithstanding this notice, and anticipating the execution of a warrant for the delivery of possession, vacated the premises, and offered the keys to plaintiff's agent, who refused to accept the same. On January 13, 1891, plaintiff brought this action to recover the sum agreed to be paid by defendants as security, and before the trial of this action, and subsequent to the final order in the summary proceedings, defendants paid all the rent in arrears. Plaintiff, however, contended that notice of her refusal to take or accept possession of the premises, and to avail herself of the final order in the summary proceedings, operated to defeat defendants' right of voluntarily complying with its provisions by removal, and that the lease was therefore still subsisting; also, that though it be conceded that defendants' abandonment of the premises subsequent to the final order in the summary proceedings did have the effect of canceling the lease, and terminating the relation of landlord and tenant, she was nevertheless entitled to recover and hold the sum demanded as security for the payment of any deficiency in the rent reserved, which might remain upon her entry and reletting of the premises for defendants' account, pursuant to their covenant to that effect. This last contention was acceded to by the trial justice, as appears from his opinion accompanying the record, and plaintiff was awarded judgment for the sum claimed. The validity of these contentions is disputed by the appellant, and they present the only questions for our consideration.

This court has held in *Gallagher* v. *Reilly,* (Com. Pl. N. Y.) 10 N. Y. Supp. 536, and *Ash* v. *Purnell,* (Com. Pl. N. Y.) 11 N. Y. Supp. 54, that a tenant against whom summary proceedings to recover possession of the demised premises are instituted may, at any time after the service of the precept upon him, voluntarily comply with its requirements, and anticipate the final order in favor of the landlord and execution of the warrant for delivering of possession to him by removing from the premises, and that, if he does so, such removal will as effectually cancel the lease, and end the relation of landlord and tenant, as though the warrant had been actually issued as provided in section 2253 of the Code of Civil Procedure. We entertain no doubt of the accuracy of these decisions, and reiterate the principles upon which they proceeded; nor do we countenance the proposition that a landlord may prosecute such summary proceedings to a finality, and, at the same time, neutralize their effect by notice to the tenant that he will not avail himself of the rights and remedies therein secured. The landlord having effectually declared his intention to claim and recover possession, by a solemn invocation of the aid of the courts for that purpose, the tenant should be permitted to elect whether he will voluntarily submit to the landlord's claim, or abide by his notice that he will not enforce the order awarding possession to him. Nothing short of a withdrawal of the proceedings, however, and notice of it to the tenant before the latter has complied with the precept, by removal, should be permitted to have the effect of giving continuity to the lease and the relation of the parties thereto. If the tenant has removed upon receipt of the precept, and before withdrawal of the proceedings and notice of such withdrawal to him, the lease and the relation of the parties as landlord and tenant can be renewed, or continued, only by means of a new agreement. A contrary view would require that the tenant be subjected to a tenure even more precarious than that of a tenant at will. The latter is removable only upon a previous notice of at least 30 days, while the former would be in constant jeopardy of ejectment, without as much as a moment's notice. Our conclusion is, therefore, that the pendency of the summary proceedings instituted by the plaintiff, the recovery of the final order therein awarding possession to the plaintiff, and the abandonment of the premises by the defendant, notwithstanding plaintiff's notice that she would not enforce the order,

nor cause the warrant for the delivery of possession to be issued thereunder, canceled the lease, and terminated the relation of the parties as landlord and tenant; and that except as to past breaches, and in so far as it was expressly agreed that liability thereon should survive its cancellation, each party to the lease was from that time discharged from the further performance of the covenants and conditions on his part. *Roe* v. *Conway,* 74 N. Y. 201; *Johnson* v. *Oppenheim,* 55 N. Y. 281; *Hackett* v. *Richards,* 13 N. Y. 138; *Hall* v. *Gould,* Id. 137. For the non-payment, therefore, of the sum which the defendants had agreed to deposit as security for the performance of their covenants they continued liable, if any of those covenants survived the cancellation of the lease, or the termination of defendants' leasehold estate; and this was so with respect to the covenant authorizing plaintiff to enter and relet for defendants' account if there be a vacancy "during the term." *Hackett* v. *Richards,* and *Hall* v. *Gould, supra.* Counsel for the defendants insists that, as the premises did not become vacant until after the termination of their leasehold estate by means of summary proceedings to recover possession, there never was a vacancy "during the term," and, hence, that plaintiff never obtained authority to relet the premises for the defendants, and cannot, for that reason, charge them with any deficiency in the rent received and accruing subsequent to such termination. This, however, we believe to imply too narrow an interpretation of what is meant by "term," as applied to a lease. In its more comprehensive sense the "term" includes not only the actual duration of the leasehold estate, but also the period for which that estate is granted. "The term does not merely signify the time specified in the lease,—it means that, and more; it means the time in the lease, and the interest conveyed by the lease, and the estate vested in the lessee by the possession." Wood, Landl. & T. p. 103, § 65. "The term of a lease is the period granted to the tenant for occupancy, and does not include the time previous thereto, though it includes the estate of the tenant in the land during such period." Gear, Landl. & T. § 23. "A term signifies not only the limitation of time or period granted to the lessee for the occupation of the premises, but it includes also the estate and interest in the land that pass during such period." Tayl. Landl. & T. § 16. "The term is that period which is granted for the lessee or tenant to occupy and have possession of the premises. It is the estate or interest which he has in the land itself by virtue of the lease from the time it vests in possession." *Young* v. *Dake,* 5 N. Y. 465, 467. See, also, *Evans* v. *Vaughan,* 6 Dowl. & R. 349, 4 Barn. & C. 261. As it appears that the period for which the lease was granted had not expired at the time of the termination of defendants' leasehold estate by means of the summary proceedings to recover possession, we are constrained to hold, under the above definition of the "term" of a lease, that a vacancy contemplated by the parties did occur, and that the defendants are liable for any deficiency in the rent covenanted to be paid by them remaining after the application of the rent received from a reletting of the premises by the plaintiff for their account, for which the plaintiff is entitled to retain the sum agreed to be deposited as security, and that judgment therefor in her favor was rightfully awarded.

The judgment appealed from should be affirmed, with costs.