HARRY SWERDLOW, Appellant, *v.* ABRAHAM HARROW and Others, Respondents.

Second Department, May 22, 1925.

Landlord and tenant — action to foreclose mortgage given to secure additional rent — tenant was removed in summary proceedings — issuance of warrant terminated lease and obligation secured by mortgage — discontinuance of summary proceedings cannot revive lease or mortgage.

A twenty-year lease and a mortgage given by tenants holding thereunder to secure $10,000 as additional rental, which sum was to be paid at the rate of $500 quarterly, became null and void upon the issuance of a warrant in summary proceedings to remove the tenants, and, therefore, the mortgage cannot be foreclosed. It cannot be contended that the mortgage was given in payment of the $10,000, and that, therefore, the obligation to pay additional rental was discharged as soon as the mortgage was given.

The vacation of the final order and warrant in the summary proceedings and the dismissal of the petition on the *ex parte* application of the landlord did not revive the lease nor the mortgage securing the additional rental.

APPEAL by the plaintiff, Harry Swerdlow, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 1st day of December, 1923, upon the decision of the court rendered after a trial at the Kings Special Term.

*Louis Rosenberg* [*Nathan Ballin* with him on the brief], for the appellant.

*Mark Nave,* for the respondents.

Judgment unanimously affirmed, with costs, upon the opinion of Mr. Justice CROPSEY at Special Term.

Present — KELLY, P. J., JAYCOX, MANNING, YOUNG and KAPPER, JJ.

The following is the opinion of the court below:

CROPSEY, J.:

This litigation arises from a somewhat unusual provision in a lease. The lease is for twenty years and requires the payment of $9,400 a year in monthly installments as rent, and also as rent the payment of certain taxes, with a provision for a conditional increase in the rent after the expiration of fifteen years. Then after other provisions comes the one in question. By it the tenants agree to pay " in addition as additional rental " the sum of $10,000, by executing and delivering simultaneously with the lease a bond for that amount secured by a mortgage, which sum they agree to

pay " as in said bond and mortgage provided." The bond and mortgage bear date June 1, 1922, the same as the lease. They call for the payment of the $10,000 as follows: " $500 or more on September 1, 1922, and a like installment every three months thereafter," with interest. The tenants paid the installment due September 1, 1922, with the interest. Thereafter and before the next installment became due the landlord instituted summary proceedings to recover possession of the premises, resulting in a final order in its favor, upon which a warrant was issued and executed and the landlord put into possession. This occurred in November, 1922. On December 1, 1922, when the next installment became due on the bond, it was not paid. The action followed to foreclose the mortgage. It was brought by an assignee of the landlord. The plaintiff contends the bond and mortgage were not given as security for the additional rent, but in payment of it, and that, therefore, the obligation to pay the " additional " rental had been " discharged " and thereafter the $10,000 was " recoverable not as rental, but as obligations assumed by virtue of a bond secured by a mortgage." I do not so find. The lease, in providing for this payment of " additional " rent, states that the tenants are to pay the $10,000 " as in said bond and mortgage provided; " that is, in installments of $500 or more every three months. In other words, the additional rental was to be paid quarterly. When the warrant was issued that terminated the lease. (Civ. Prac. Act, § 1434.) · Thereafter the tenants were not obligated to pay either rent or " additional " rent. Their liability to pay any rent under the lease that had not theretofore accrued was at an end. Plaintiff seeks to overcome this by showing that after the warrant had been issued and executed the judge of the court in which the summary proceeding had been brought, by an order entered *ex parte*, vacated the final order and warrant and dismissed the petition " so as to have the same effect as though this summary proceeding had never been brought." The validity and effect of this order need not be considered. Had no warrant been issued the mere service of the precept followed by the surrender of possession by the tenants would have wrought a termination of the lease. (*Cornwell* v. *Sanford*, 222 N. Y. 248, 252, 253.) The lease being thus canceled no discontinuance of the summary proceeding could re-establish it. It follows that the complaint must be dismissed, with costs, and that the bond and mortgage be canceled. The decision has been signed and the requests have been passed upon. Submit judgment.