IRROSE REALTY CORPORATION, Plaintiff, *v.* WARREN-NASH MOTOR CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 9, 1932.

*Sidney B. Moskowitz* [*Arthur M. Loeb,* attorney], for the plaintiff.

*Colley E. Williams* and *Travis H. Whitney, Jr.* [*Whitman, Ransom, Coulson & Goetz,* attorneys], for the defendant.

ROSALSKY, J.   The action is for rent in the sum of $625 for January, 1932, under a written lease made on September 25, 1929, by Heights Property Corporation, for a term of five years from November 1, 1929, at a rental of $625 per month payable in advance.

Heights Property Corporation was itself a lessee of the entire building and sublet part thereof to defendant.   About December 5, 1931, defendant was served with a precept and petition in a summary proceeding of dispossess under the statute directed to the main tenant, and to defendant and others as subtenants, because of failure of the main tenant to pay rent.   That summary proceeding was withdrawn before the return day.   On December 11, 1931, a second precept and petition in summary proceedings of dispossess for non-payment of rent was served by the owner of the fee returnable December 17, 1931.   In the first summary proceeding referred to, Ger-Spi Holding Corporation was named as the main tenant.   In the second, Ger-Spi Holding Corporation and/or the Heights Property Corporation were named as tenants, and defendant and others as under-tenants.   On the return day of the summary proceeding, the landord's attorney stipulated to stay the warrant until December 28, 1931, and withdrew the demand in the petition for a money judgment against the tenant and subtenants.   No final order was ever entered.   On December 21, 1931, defendant vacated the premises.   On December 23, 1931, the landlord and tenants (but not defendant) stipulated to discontinue said summary proceedings without costs and that an order might be entered accordingly without further notice.   The clerk's indorsement on the precept was " settled as per stipulation."

On December 23, 1931, the Ger-Spi Holding Corporation and the Heights Investing Corporation assigned their lease to the Irrose Realty Corporation, the plaintiff herein.

Defendant urges that its sublease was terminated prior to January 1, 1932, for which month rent is claimed to have accrued,

because of the pendency of the summary proceeding and its removal from the premises; and also that said summary proceeding constituted a breach of the covenant of quiet enjoyment.

I am unable to agree with the defendant's contention. It does not distinguish between the case of a landlord requesting or commanding his own tenant to remove from the demised premises and the case of an owner in fee or superior landlord so doing against his tenant, joining latter's sublessee as an under-tenant. The difference, as we shall presently see, is important.

Where a landlord serves his own tenant with a precept and petition to remove from the demised premises in summary proceedings, in obedience to which the tenant so removes from the premises, the tenant has the right to accept and act upon the determination of his landlord to repossess himself of the property; and in the absence of a suitable provision in the lease whereby liability of the tenant for damages equal to the loss of future accruing rent survives, such a removal would operate to cancel the lease and annul the relation of landlord and tenant as of the time of removal. (*Cornwell* v. *Sanford*, 222 N. Y. 248.) This would be so although no warrant of dispossess were issued. (*Swerdlow* v. *Harrow*, 213 App. Div. 521.)

But the mere commencement of a summary proceeding by a superior landlord against his tenant, joining as parties the latter's subtenants, would not produce such a result. The main tenant might very well have a genuine dispute with the superior landlord. He is not obligated, at the peril of losing his subtenants, to forego litigating his controversy with the superior landlord. The main tenant is not consulted when the superior landlord joins the subtenants as parties to the summary proceeding. The superior landlord properly regards the subtenants as necessary parties, who might choose to pay the rent to the superior landlord and gain the right of subrogation, or might have a valid objection to some of the landlord's proceedings. (*Croft* v. *King*, 8 Daly, 265; *Schlaich* v. *Blum*, 42 Misc. 225.) The main tenant might compose his differences with the superior landlord, as appears to have been done here, before a final order or a warrant would ever issue. The subtenant's lease would in such case continue unaffected.

*Metropolitan Life Insurance Co.* v. *Childs Co.* (230 N. Y. 285) presents, not a similar case, but an analogous one. The plaintiff there originally sued to foreclose a mortgage on real property making the Childs Company, a tenant of the mortgagor, a party defendant. Judgment of foreclosure and sale was entered providing, among other things, that the premises be sold and that the Childs Company be forever barred and foreclosed of all right, title, interest and equity

of redemption in the premises. On May 1, 1914, the judgment was served upon the Childs Company. On May 5, 1914, the Childs Company removed from the premises. Prior to the entry of judgment, the mortgagor had assigned the rents to plaintiff pursuant to an assignment of rents clause in the mortgage. The Childs Company paid its rent to plaintiff. After the removal of the Childs Company and before the sale in foreclosure, plaintiff, on motion, discontinued the action against the Childs Company and vacated the judgment as against it. On the foreclosure sale the plaintiff bid in the property, subject to the lease to the Childs Company. The case cited arose thereafter when plaintiff sued the Childs Company for rent accruing subsequently to its removal from the premises. The Court of Appeals held the Childs Company liable for the rent. In the course of its opinion the court (at p. 293) said: " Doubtless should a landlord, before the end of his term, request a tenant to vacate his premises and should the tenant comply (*Bedford* v. *Terhune*, 30 N. Y. 453), or should he directly or indirectly command this to be done, and should the tenant obey (*Cornwell* v. *Sanford*, 222 N. Y. 248), the landlord might no longer enforce the lease because he would be estopped if for no other reason. So would be a tenant, if the landlord acted on the faith of appearances. But the action or the judgment is far from equivalent to such a request or command."

So, here, there was no request or command of the main tenant to have the subtenant remove from the premises. There could thus be no valid basis for an estoppel as between them. The reason for the holding as between the landlord and tenant directly does not exist.

The main tenant is protected against the subtenant's voluntary attempt to cancel the sublease, by the general rule that a lessee of real property is estopped from denying his lessor's title. The title he then acknowledges and accepts he must abide by while the relationship exists. The result is the same although on the face of the lease it should appear that the landlord had no legal estate. (*Tilyou* v. *Reynolds*, 108 N. Y. 558.)

Of course, if the summary proceeding had gone to final order and judgment or the main tenant were ousted, the situation would necessarily be different. In that event the main tenant's lease being canceled, there would thus be removed the foundation upon which the subtenant's right to possession rested. Since a subtenant could have no greater rights than those possessed by the main tenant, it must follow that when the main lease falls, it carries down with it the sublease (*Ash* v. *Purnell*, 16 Daly, 189; *Hyman* v. *Boston Chair Mfg. Co.*, 11 N. Y. Supp. 52), unless the subtenant

chooses to make good the default. That situation did not exist here.

I conclude, therefore, that the mere commencement of a summary proceeding of the superior landlord against a subtenant did not constitute an eviction, and, if there is no eviction, there can be no breach of the covenant of quiet enjoyment.

Judgment for the plaintiff for $625 and interest. Five days' stay.