■ TENNECO CHEMICALS, INC., Appellant-Respondent, v FMC CORPORATION, Respondent-Appellant.—Judgment, Supreme Court, New York County, entered June 25, 1979, denying motions by plaintiff and defendant for summary judgment in this action for a declaratory judgment and for

damages, unanimously modified, on the law, to the extent of granting plaintiff's motion for summary judgment declaring that pursuant to a certain letter agreement defendant is obligated to make monthly payments of $7,092.32 to plaintiff for the period July, 1977 through April, 1979, and for the amount of $70,923.20 representing payments due plaintiff, plus interest, and otherwise affirmed with costs and disbursements. The plaintiff, Tenneco Chemicals, Inc. (Tenneco) was successor in title and interest to the assets of Heyden Newport Chemical Corporation (Heyden), including a certain lease of three floors in a building located at 300 East 42nd Street, owned by Fred F. French Investment Co. (French) as landlord. Paragraph No 36 of the lease defined "the term of this lease" in pertinent part as follows: "(a) *Seventh and eighth floors:* Fifteen (15) years and three (3) months, commencing February 1, 1964 and ending April 30, 1979 * * * (b) *Ninth Floor:* Ten (10) years, commencing May 1, 1969 and ending April 30, 1979." On September 18, 1968, Tenneco and the defendant FMC Corporation (FMC) entered into a letter agreement pursuant to which Tenneco agreed to assign its interest in the lease to FMC and to obtain from French its consent to the assignment. FMC agreed to accept the assignment, assume Tenneco's obligations under the lease, and to pay Tenneco in monthly installments (subsequently determined to be $7,092.32) "for the balance of the term of the lease." Pursuant to the letter agreement, Tenneco assigned to FMC its interest in the lease, and obtained from French a consent to the assignment. To obtain the consent, Tenneco entered into an agreement dated September 19, 1968 pursuant to which Tenneco agreed to pay French the sum of $200,000 in monthly installments over a period of 10 years. In an agreement dated August 17, 1976, FMC and 300 East Associates, French's successor in interest, terminated the lease as of July 31, 1976, FMC agreeing to pay the landlord the sum of $200,000 in consideration of the termination of the lease. Thereafter, FMC stopped making the monthly payments required by the letter agreement. Tenneco then commenced this action seeking a declaration that defendant's obligation to make the monthly payments continued through April, 1979, and that plaintiff was entitled to a judgment in an amount representing the payment due as of the date of the complaint with interest, costs and disbursements. Tenneco moved for summary judgment and FMC cross-moved. Special Term denied both motions, concluding that the agreement between the parties was ambiguous. The question presented is whether FMC's obligation to make payments to Tenneco under the letter agreement "for the balance of the term of the lease" continued until April 30, 1979, the date the term of the lease was to expire, or ceased on August 17, 1976, the date when FMC and a successor landlord agreed to terminate the lease. The letter agreement provided that the monthly payments were to be made "for the balance of the term of the lease." The lease explicitly defined its term as "ending April 30, 1979." When the critical language of the letter agreement is compared with the definition set forth in the lease, we think it clear that the payments were to continue until April 30, 1979. This interpretation is consistent with that which has been uniformly adopted in the several cases which have previously considered comparable language. (See *Baldwin v Thibaudeau,* 17 NYS 532; *County Inv. Corp. v Hollander,* 265 Md 448; *Martin v Shields,* 285 App Div 106.) The contrary construction advanced by FMC does violence to the clear meaning of the words used and is palpably unreasonable. It is surely not easy to accept that Tenneco was assigning an obviously valuable business asset for payments that could be terminated at any time by the voluntary action of the assignee and the landlord, or that FMC could have reasonably so believed. It is true

that in the comtemporaneous agreement between Tenneco and French, in which the landlord consented to the assignment, the parties agreed that Tenneco could terminate its monthly payments to the landlord if the landlord's breach of its obligations under the lease justifiably caused FMC to terminate the lease and to cease its payments to Tenneco. Whatever significance this provision might have had in the event of the stipulated contingency does not avail to vary the plain meaning of the words used in the letter agreement between Tenneco and FMC under the circumstances in fact presented. Indeed that provision in the agreement between Tenneco and French clearly underlines Tenneco's contemporaneous understanding that FMC's obligation would survive until the expiration of the lease as provided by its terms under the facts here presented. Settle order. Concur—Kupferman, J. P., Sandler, Sullivan, Bloom and Markewich, JJ.