■ BRIAN BARR, Respondent, v COUNTRY MOTOR CAR GROUP, INC. et al., Appellants. (Appeal No. 1.) [635 NYS2d 370] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiff partial summary judgment dismissing defendants' affirmative defenses and counterclaims. Because plaintiff withdrew his proceeding for eviction before the Carbone defendants vacated the premises, the court properly dismissed the defense alleging that plaintiff elected his remedy by terminating the landlord-tenant relationship *(see,* 2 Rasch, New York Landlord and Tenant—Summary Proceedings § 23:56, at 221 [3d ed], citing *Swerdlow v Harrow,* 213 App Div 521; *Baldwin v Thibaudeau,* 17 NYS 532). The Purchase and Sale Agreement expressly provides that the Country defendants were entering into the agreement based upon matters revealed in their independent investigation and that plaintiff "does not make any representation or warranty as to the accuracy of any information." Thus, the affirmative defenses alleging fraudulent inducement also were properly dismissed *(see, Clanton v Vagianelis,* 187 AD2d 45, 47-48).

Summary judgment was properly granted against the Country defendants on the issue of liability for breach of the Lease and Closing Memorandum. Plaintiff did not release the Country defendants from their obligations under those agreements and, therefore, the Country defendants remain liable to perform those obligations following the assignment to the Carbone defendants *(see, Mandel v Fischer,* 205 AD2d 375, 376; *Leeirv Corp. v S & E Realty Co.,* 178 AD2d 403; *185 Madison*

*Assocs. v Ryan,* 174 AD2d 461). The Country defendants also remain liable to make payments under the Consulting Services Agreement and Restrictive Covenant Agreement notwithstanding the assignment *(see, Castiglia v Franchise Realty Interstate Corp.,* 107 AD2d 1025). Evidence that plaintiff is a shareholder in a Manlius automobile dealership that has customers residing in the Utica area is not sufficient to raise a question of fact whether plaintiff breached the Restrictive Covenant Agreement. The court properly determined that the individual guarantors were not released from their obligations because the Guarantee expressly provides that it shall include and extend to any modifications of the underlying agreements *(see, Morgan v Smith,* 70 NY 537; *Hall & Co. v Continental Cas. Co.,* 34 AD2d 1028, *affd* 30 NY2d 517; 63 NY Jur 2d, Guaranty and Suretyship, § 207, at 284). Finally, the Country defendants are not aggrieved by that part of the order reserving decision on their motion to disqualify plaintiff's counsel and, therefore, that part of the order is not appealable *(see,* CPLR 5701 [a] [2]; *Cobb v Kittinger,* 168 AD2d 923). (Appeals from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Denman, P. J., Green, Fallon and Boehm, JJ.