■ BRIAN BARR, Respondent, v COUNTRY MOTOR CAR GROUP, INC., et al., Appellants, and DON CARBONE et al., Respondents.

[732 NYS2d 619] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted that part of the motion of Country Motor Car Group, Inc., Michael J. Cantanucci, Anthony R. Ianniello, Carmine DeCrescente, Frank Cocozzo and New Country Auto Gallery, Inc. (Country defendants) for partial summary judgment on liability on those parts of their cross claims seeking indemnification from Don Carbone, Al Carbone and Carbone Motor Sales, Inc. (Carbone defendants) for sums the Country defendants are obligated to pay pursuant to the lease agreement between plaintiff and the Country defendants (*see, Barr v Country Motor Car Group,* 221 AD2d 1003, *lv dismissed* 88 NY2d 919). The court erred, however, in denying the motion in part by limiting the liability of the Carbone defendants to the period of their use and occupancy of the leased premises, i.e., August 13, 1990 through December 17, 1990, and in granting that part of the cross motion of the Carbone defendants for summary judgment on their cross claims seeking judgment declaring that they must indemnify the Country defendants for only that period. The record establishes that the lease was validly assigned and that the Carbone defendants assumed the obligations of the Country defendants under the lease, including the payment of rent for the entire lease period (*see, Mann v Munch Brewery,* 225 NY 189, 196; 1 Dolan, Rasch's, Landlord and Tenant—Summary Proceedings § 9:34, at 361-362 [4th ed]). Thus, the liability of the Carbone defendants to the Country defendants under the assignment is not limited to the period of their use and occupancy of the leased premises, but extends to the entire lease period following the assignment (*see,* 1 Dolan, Rasch's, Landlord and Tenant—Summary Proceedings §§ 9:32, 9:39, at 370 [4th ed]). Contrary to the court's conclusion, the validity of the lease agreement was not resolved on the merits in the prior decision (*see, Barr v Country Motor Car Group, supra*). Thus, the doctrine of law of the case is inapplicable (*see, Transamerica Commercial Fin. Corp. v Matthews of Scotia,* 198 AD2d 569, 570).

We therefore modify the order by granting in its entirety the motion of the Country defendants for partial summary judgment on liability on those parts of their cross claims seeking indemnification from the Carbone defendants for sums the Country defendants are obligated to pay pursuant to the lease agreement between plaintiff and the Country defendants. We further modify the order by denying in its entirety the cross motion of the Carbone defendants. (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary

Judgment.) Present—Green, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.