*3 OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
After this nonpayment summary proceeding was transferred to the Supreme Court to be joined with a plenary action instituted by tenant, the Supreme Court ordered tenant to pay monthly rent in the sum of $11,719 to be held in landlord’s attorney’s escrow account. Upon the dismissal of tenant’s Supreme Court action, the proceeding was transferred back to the District Court. Thereafter, tenant notified landlord by letter dated July 30, 2010 that, effective on that date, it was removing from the undeveloped premises and relinquishing its interest as tenant. The letter stated that, as a matter of law, the lease was thereby cancelled. Tenant consented to the release to landlord of the escrowed funds, with the exception of a sum representing rent for August 2010 which, it stated, should be returned to tenant, in full satisfaction of tenant’s obligation to pay rent under the lease. Landlord sent a responsive letter rejecting the surrender. Tenant thereafter continued to pay rent into landlord’s attorney’s escrow account.
Tenant moved for summary judgment dismissing the petition on the ground that the lease had terminated on July 30, 2010 and directing that any sums held in escrow for rent after July 30, 2010 be released to tenant. Landlord cross-moved for summary judgment directing the release to it of all funds held in escrow, directing that such release constituted the satisfaction of tenant’s default in payment of rent, and, in effect, allowing the withdrawal of so much of the petition as sought an award of possession. By order entered October 27, 2010, insofar as appealed from as limited by the brief, the District Court, upon deeming the petition amended to include rent through October 2010, dismissed the claims for rent for August 2010 through October 2010 and awarded landlord a money judgment for rent arrears from August 2008 through July 2010 only. An inquest was ordered to determine the amount of rent owed. The District Court found that, by submitting the July 30, 2010 letter, tenant had “unequivocally demonstrated” that it had surrendered possession. The court stated that its determination was based upon a rule that “where the surrender occurs subsequent to the commencement of a summary proceeding to recover possession of real property, the landlord-tenant relationship can be terminated *4 by the tenant’s actual surrender of the premises.” The court relied upon Cornwell v Sanford (222 NY 248 [1918]), under which the commencement of a summary proceeding gives a tenant “an option to consider the lease cancelled and to vacate the premises” (Sno-Wite, Inc. v Gerald Operating Corp., 271 App Div 314, 317 [1946]; see also Swerdlow v Harrow, 213 App Div 521, 522 [1925]).
Landlord argues that Cornwell is inapplicable to modern nonpayment summary proceedings (RPAPL 711 [2]), the commencement of which, landlord claims, is “indicative of an intent to approve and continue the lease, and an intent not to accept any surrender.”
The Legislature created summary proceedings in 1820 in order to give landlords a “simple, expeditious and inexpensive means of regaining possession of [a] premises in cases where the tenant refused upon demand to pay rent, or where he wrongfully held over without permission after the expiration of his term” (Dolan v Linnen, 195 Misc 2d 298, 309 [Civ Ct, Richmond County 2003], quoting Reich v Cochran, 201 NY 450, 454 [1911]). While, initially, it could be determined that rent was due and unpaid in a summary proceeding, no money judgment for rent could be awarded. It was not until 1924 that an amendment to the Civil Practice Act allowed the recovery of rent in a summary proceeding, so long as certain conditions were met (see Dolan, 195 Misc 2d at 309-310). Even now, generally, “a monetary award in favor of landlord can only be made concomitant with an award of possession” in a summary proceeding (615 Nostrand Ave. Corp. v Roach, 15 Misc 3d 1, 4 [App Term, 2d & 11th Jud Dists 2006]). Regardless of a landlord’s intent, the purpose of a nonpayment summary proceeding is to recover possession of the subject premises, and the “power to fix the rent due is an incidental matter” (Matter of Byrne v Padden, 248 NY 243, 248 [1928]; cf. Jones v Gianferante, 305 NY 135, 139 [1953] [“This summary proceeding . . . is of purely possessory character . . .”]).
The main difference relied upon by landlord between the proceeding at issue in Cornwell and a modern nonpayment summary proceeding is the manner of commencement. Under former law, a summary proceeding was commenced by service of a precept, which required the respondent to remove from the premises or show cause why possession of the premises should not be delivered to the petitioner. When the law governing summary proceedings was recodified under article 7 of the Real *5 Property Actions and Proceedings Law, precepts were replaced by notices of petition, which do not include that language. The reason for this omission is that “respondents are made aware by the petition of the nature of the proceeding and that their removal is sought. There is no need to repeat this in the notice” (Advisory Comm Notes, reprinted following NY CLS, Book 27, RPAPL 731, at 191).
Since there is no relevant difference between a precept and a notice of petition, the District Court properly determined that Cornwell applies to this case. Tenant demonstrated, prima facie, that it had surrendered the premises, and landlord failed to raise a triable issue of fact as to whether tenant had, in fact, surrendered. Its evidence, which was not submitted in opposition to tenant’s motion, but in reply to a legal brief submitted by tenant in opposition to landlord’s cross motion, should not have been considered by the District Court (cf. Klimis v Lopez, 290 AD2d 538 [2002]).
In any event, we agree with the District Court that landlord’s allegations, even if true, were insufficient to overcome the presumption of surrender that attached to tenant’s July 30, 2010 letter. Indeed, the fact that tenant continued to make payments into escrow after that date, in compliance with a Supreme Court order, is not evidence of an intent to continue the tenancy. Allegations that, after the surrender, a sign had not been removed, or that someone was maintaining the subject property, are insufficient to raise a triable issue of fact as to whether tenant had actually surrendered, as landlord was clearly enabled by the letter of surrender to “take peaceable possession” of the premises (Cornwell, 222 NY at 252). Furthermore, contrary to landlord’s argument that tenant’s prosecution of its appeal from the order dismissing its Supreme Court action, which sought rescission of the lease and money damages, was inconsistent with its surrender, there is nothing inconsistent about tenant continuing to seek the rescission of the lease, as well as the return of rent already paid, for the period prior to the surrender.
It is noted that, had the subject lease included a survival clause, tenant would have remained liable for monetary obligations arising under the lease, even if this summary proceeding had resulted in an award of possession in landlord’s favor (see Holy Props. v Cole Prods., 87 NY2d 130 [1995]). Since there was no survival clause, landlord could have sought to recover the unpaid rent in a plenary action, rather than commencing a *6 summary proceeding, the purpose of which is to recover possession of real property.
Accordingly, the order, insofar as appealed from, is affirmed. Iannacci, J.E, Nicolai and Molía, JJ., concur.