OPINION OF THE COURT
Memorandum.
Ordered that the final judgment, insofar as appealed from, is affirmed, without costs.
Insofar as is relevant to the issues raised on appeal, tenant defended this commercial nonpayment summary proceeding, which was premised on tenant’s failure to pay rent and additional rent for January 2013, on the ground that it had been constructively evicted from the subject premises. At a nonjury trial, the Civil Court granted landlord’s application to amend the petition to include rent for May 2013. After the trial, the court awarded landlord possession and the sum of $7,376.28, which included May rent, finding that “obligations to make repairs within the subject premises were the obligation of the respondent, which petitioner assumed without waiver of its right to collect rents.” The court further found that the necessary repairs had been timely made after notice.
Tenant’s first argument on appeal is that it was improper for the court to allow the amendment of the petition to include *53 May rent, as no demand for the May rent had been made. We reject this contention, as we find no basis in the law to require that a landlord make an additional rent demand following the institution of a nonpayment proceeding in order to amend a petition with leave of court at trial to allow for the recovery of rent that accrued subsequent to the commencement of the proceeding.
The primary “purpose of a nonpayment summary proceeding is to recover possession of the subject premises” (Patchogue Assoc. v Sears, Roebuck & Co., 37 Misc 3d 1, 4 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). RPAPL 711 (2), the statutory source of the right to maintain a summary proceeding to recover possession based on the nonpayment of rent, requires, as a condition precedent to the commencement of the proceeding, that a demand for the rent has been made or a three-days’ notice served, and it must be alleged in the petition that a proper demand for rent has been made or a three-days’ notice served (see e.g. Stier v President Hotel, 28 AD2d 795 [1967]; cf. Sella Props. v DeLeon, 25 Misc 3d 85 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). However, once the proceeding has been properly commenced, it is the petition which alleges the relevant facts upon which the proceeding is based and sets forth the relief sought (see RPAPL 741).
RPAPL 711 (2) is not the statutory source of the right to recover rent in a nonpayment proceeding. The “ ‘power to fix the rent due [in a nonpayment proceeding] is an incidental matter’ ” (Patchogue Assoc., 37 Misc 3d at 4, quoting Matter of Byrne v Padden, 248 NY 243, 248 [1928]), the statutory sources for which are RPAPL 741 (5) and 747 (4). These provisions do not explicitly require a predicate demand for either an award of rent or of use and occupancy. Furthermore, the legislature specifically authorized the civil court, under certain conditions, to require the respondent in a summary proceeding to pay the petitioner the rent or use and occupancy that has accrued since the commencement of the proceeding, and did not require the making of a new rent demand (see RPAPL 745 [2]). It is clear from these provisions that the legislature does not currently contemplate that a new demand be required for the recovery of after-accruing rent.
“Leave to amend [a petition] ‘shall be freely given’ absent prejudice or surprise resulting directly from the delay” (McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983], quoting CPLR 3025 [b]; see *54 also Birchwood Towers #2 Assoc. v Schwartz, 98 AD2d 699 [1983]; Jackson v New York City Hous. Auth., 88 Misc 2d 121, 122 [App Term, 1st Dept 1976] [“A petition in a summary proceeding is no different than a pleading in any other type of civil case”]). Indeed, contrary to tenant’s contention on appeal, it is the established practice in nonpayment proceedings to allow the amendment of the petition to include all rent that has accrued following the commencement of the proceeding (see GSL Enters., Inc. v Newlinger, NYLJ, May 24, 1996 at 25, col 6 [App Term, 1st Dept 1996]; C.F. Monroe, Inc. v Nemeth, NYLJ, Oct. 25, 1994 at 25, col 1 [App Term, 1st Dept 1994]; JDM Washington St., LLC v 90 Washington Rest. Assoc., LLC, 36 Misc 3d 769, 772-773 [Civ Ct, NY County 2012]).
We note that while, in one case, the Appellate Term, First Department, required a showing that a new demand had been made in order to amend the petition to include newly accrued rent (1587 Broadway Rest. Corp. v Magic Pyramid, NYLJ, Dec. 19, 1979 at 10, col 2 [App Term, 1st Dept 1979]), that court’s subsequent decisions do not appear to contemplate such a requirement (see GSL Enters., Inc., NYLJ, May 24, 1996 at 25, col 6; C.F. Monroe, Inc., NYLJ, Oct. 25, 1994 at 25, col 1).
It is undisputed that this proceeding was predicated on a proper demand for January rent as required by RPAPL 711 (2), thereby satisfying the condition precedent to the maintenance of this proceeding. Furthermore, tenant did not demonstrate to the Civil Court that landlord’s requested amendment to include May rent was prejudicial or a surprise. Thus, the court’s permitting the amendment of the petition to include rent accruing after the commencement of the proceeding provides no basis for reversal.
Tenant’s second argument on appeal is that the Civil Court should have found that tenant was constructively evicted because landlord failed to, among other things, make repairs for which it had assumed responsibility. It is undisputed that the lease requires tenant to make repairs at the leased premises, that it specifically does not allow for an abatement of rent based upon a need for repairs, and that it has a no-waiver clause. Tenant argues, however, that the course of conduct between the parties regarding repairs to the premises “should be taken into account” when interpreting that clause.
As a preliminary matter, we note that to establish a constructive eviction there must be a showing of an abandonment of the premises (Barash v Pennsylvania Term. Real Estate Corp., *55 26 NY2d 77 [1970]). Tenant does not allege an abandonment in its answer or on appeal, and there was no trial testimony that would support a claim of abandonment.
In any event, tenant’s argument relies upon the assumption that landlord did not complete certain repairs. However, after hearing the trial testimony, the Civil Court found that the necessary repairs had been timely made after notice. In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court’s opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). Here, there is no basis in the record to disturb the Civil Court’s finding.
Moreover, “[a] clear and unambiguous no-waiver clause in a commercial lease, such as the clause at issue, will be enforced” (Heartland Assoc. v Adam Oser Inc., 2003 NY Slip Op 51419[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]), and the record is devoid of any showing that landlord had intended to waive any of the lease clauses pertaining to repairs or rent.
Accordingly, the final judgment, insofar as appealed from, is affirmed.
Pesce, P.J., Aliotta and Elliot, JJ., concur.