OPINION OF THE COURT
Kimon C. Thermos, J.
The decision/order is as follows:
Petitioner commenced this summary nonpayment proceeding seeking to recover possession of the subject apartment, originally pleaded as governed by the Rent Stabilization Law. Respondent appeared and interposed an answer initially unrepresented, and on March 29, 2016, entered into a stipulation of settlement granting petitioner a judgment for rent arrears and the issuance of the warrant of eviction, with a stay *550 of its execution through May 10, 2016 for payment of the arrears.
Subsequently, respondent obtained counsel and moved by order to show cause, returnable on June 9, 2016, seeking to vacate the stipulation on grounds that it was improvidently entered into, because by doing so he unintentionally waived substantial defenses to the proceeding without receiving any consideration.
Respondent presented a Division of Housing and Community Renewal (hereinafter DHCR) apartment registration record which indicated that the apartment was registered as exempt from rent stabilization for several years, going back to 2012. The registration contradicted the specific allegations in the petition that the premises were properly registered as required by the Rent Stabilization Law and Code constituting grounds for a potential dismissal of the petition for failure to comply with a condition precedent to maintaining a nonpayment summary proceeding. Respondent also seeks to amend his answer to include all available defenses.
Petitioner cross-moves for an order permitting amendment of the petition to substitute the erroneous allegation of rent regulation coverage with language that the premises were decontrolled due to a high rent vacancy lease entered into in 2011.
Prompted by petitioner’s request to amend the petition, respondent then cross-moved for an order permitting discovery on the issue of the apartment’s ostensible permanent exemption from rent stabilization. After several adjournments, the motions were fully submitted for consideration on January 18, 2017, and the court reserved decision.
Stipulation Vacatur
Stipulations of settlement are highly favored by courts and will not be readily cast aside, except upon a showing that the stipulation was entered into improvidently or inadvisably by an unrepresented party who was not aware of the existence of fundamental or substantial defenses to the proceeding and the parties can be restored to the status quo without significant prejudice to the other side. (See Matter of Frutiger, 29 NY2d 143 [1971]; 1420 Concourse Corp. v Cruz, 135 AD2d 371 [1st Dept 1987]; Berco Realty LLC v Thiombiano, 45 Misc 3d 129[A], 2014 NY Slip Op 51564[U] [App Term, 1st Dept 2014]; 2701 Grand Assn. LLC v Morel, 50 Misc 3d 139[A], 2016 NY *551 Slip Op 50163[U] [App Term, 1st Dept 2016].) Granting this branch of the motion is proper, in light of petitioner now seeking to amend the pleadings which contain allegations affecting the regulatory status of the apartment. Respondent should be permitted to defend petitioner’s new allegation that the premises are not covered by rent regulation.
Amendment of Pleadings
Both parties seek to amend their pleadings. Petitioner seeks to amend the allegation concerning the regulatory status of the apartment to change the present statement that the premises are regulated to that they are no longer regulated effective 2011 due to high rent vacancy, occurring prior to respondent taking possession. Respondent seeks to amend the answer, interposed while unrepresented, to include the defense of failure to properly register with DHCR and a potential overcharge claim, and for legal fees pursuant to Real Property Law § 234.
Amendment of pleadings shall be freely granted absent unfair prejudice or surprise to the opposing party. (CPLR 3025 [b]; see 36 Main Realty Corp. v Wang Law Off., PLLC, 49 Misc 3d 51 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015].) If the amendments sought are meritorious and not unduly prejudicial the court has discretion to permit amendment of the pleading (see Herrick v Second Outhouse, 64 NY2d 692 [1984]; 1515 Macombs, LLC v Jackson, 50 Misc 3d 795 [Civ Ct, Bronx County 2015]). It is axiomatic that courts favor that all claims and defenses be fully asserted and litigated so that a meritorious adjudication of all rights can be accomplished. With no significant prejudice or undue delay presented, the court is inclined to grant both parties pleading amendment relief.
Discovery
Respondent’s request for discovery was prompted by petitioner’s motion seeking to amend the petition to state that the premises were deregulated in 2011 and registered as exempt with DHCR in the July 2012 annual registration filing.
Respondent took possession of the subject premises pursuant to a free market lease, dated October 22, 2014, for a one year term, commencing on November 1, 2014, at $1,275 per month. The occupancy history can be gleaned from the papers and the documents annexed to the papers.
The DHCR record of registrations shows that the last rent-stabilized tenant, Gina E. Williams, occupied the apartment *552 under a one year lease commencing August 1, 2010, and expiring on July 31, 2011, at the rate of $982.39 per month. On June 15, 2011, petitioner entered into a lease with Wilson Col-lazo, a new tenant whose term was set to begin on June 15, 2011 and expire on August 31, 2012, for a highly irregular term of 14V2 months. According to petitioner, this vacancy lease rendered the apartment exempt from rent stabilization coverage because the reserved rent was indicated as $2,082.79 per month, ostensibly qualifying it for a “high rent vacancy” exemption. On the purported date of the lease, the threshold for this type of exemption was a vacancy lease with a legal regulated rent of $2,000 or more per month. This threshold was changed effective July 1, 2011 to $2,500. Strangely though, petitioner did not list this new lease nor the exemption status when it filed the 2011 annual rent registration with DHCR on July 5, 2011, but instead listed the previous tenant as still in occupancy. Petitioner waited until the 2012 registration filed with DHCR on July 2, 2012 to indicate that the premises were now permanently exempt from the Rent Stabilization Law due to a “High Rent Vacancy.” Since then, DHCR’s record of the annual registrations, the latest on file being 2015, indicates the apartment as “*EXEMPT APARTMENT—REG NOT REQUIRED*.”
Respondent seeks discovery on the calculation method and basis for the high rent vacancy which occurred in 2011 and registered in July 2012. He also seeks to go beyond this date to obtain information on an individual apartment improvement increase registered with DHCR in 2006.
CPLR 408 requires that in special proceedings leave of court is required to conduct discovery. Given the need for expeditious disposition of a summary proceeding, the party seeking permission to conduct discovery must show that there is ample need to obtain the information requested (see Antillean Holding Co. v Lindley, 76 Misc 2d 1044 [1973]).
The criteria that must be met to establish ample need were set out in the seminal case of New York Univ. v Farkas (121 Misc 2d 643, 647 [Civ Ct, NY County 1983]) as follows:
“(1) whether, in the first instance, the petitioner has asserted facts to establish a cause of action. Thus, a fishing expedition utilized by the landlord for the purpose of formulating a cause of action or by the tenant to establish a defense, should never be permitted;
*553 “(2) whether there is a need to determine information directly related to the cause of action;
“(3) whether the requested disclosure is carefully tailored and is likely to clarify the disputed facts;
“(4) whether prejudice will result from the granting of an application for disclosure;
“(5) whether the prejudice can be diminished or alleviated by an order fashioned by the court for this purpose, e.g., conditioning a grant of a motion for discovery upon the payment of use and occupancy; ordering that all discovery must be done, if at all, within a relatively short time period;
“(6) whether the court, in its supervisory role can structure discovery so that pro se tenants, in particular, will be protected and not adversely affected by a landlord’s discovery requests.”
Appellate courts have cited to this case and the standard enumerated herein with approval. (See Ludor Props. L.L.C. v De Brito, 48 Misc 3d 142[A], 2015 NY Slip Op 51261[U] [App Term, 1st Dept 2015]; Zada Assoc. v Melucci, 49 Misc 3d 140[A], 2015 NY Slip Op 51581[U] [App Term, 1st Dept 2015].)
In seeking discovery of the 2006 registration records, respondent is seeking to obtain evidence in support of his overcharge claim. Overcharge claims are limited to four years from the date the claim is asserted (CPLR 213-a). The Rent Stabilization Law prohibits a calculation of an overcharge using a base date that is more than four years from the filing of an overcharge complaint. Landlords are not required to maintain records that date back more than four years. (See Rent Stabilization Code [RSC] [9 NYCRR] § 2523.7 [b].)
The statute of limitations prohibition can be overcome by evidence of a scheme to engage in fraud or collusion (see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358 [2010]). A mere irregularity or conjecture will not be sufficient to establish the existence of a colorable claim of fraud. Respondent has not shown any evidence of such fraud occurring. Accordingly, since no colorable claim of fraud has been set forth, discovery going back beyond the statute of limitations in support of an overcharge claim is prohibited and denied.
On the other hand, disclosure is warranted on the request to seek information on the purported deregulation of the apartment in 2011. The apartment was registered as deregulated in *554 July 2012 which is within the statute of limitations period. The matter was commenced and settled with the impression that the premises were rent regulated. Petitioner moved to amend its pleadings to allege deregulation only after respondent, with the assistance of counsel, challenged the initial allegation of proper registration with DHCR.
In 2011, the Rent Stabilization Law was amended effective July 1, 2011, in accordance with the Rent Act of 2011, in that the high rent vacancy threshold was raised from $2,000 to $2,500 per month. DHCR incorporated this amendment into the Rent Stabilization Code, by enacting its own amendment, found in RSC § 2520.11 (s). In addition, DHCR added a disclosure requirement, found in RSC § 2520.11 (u), to mandate disclosure of the calculations leading to exemption, including any individual apartment improvements, to the first exempt tenant.
Petitioner has only turned over a copy of the two-page standard Blumberg form initial lease dated June 15, 2011. The lease however gives rise to serious questions regarding its compliance with the applicable law enacted in close proximity to its purported execution. Meriting concern is the issue of the unusual 14V2 month term duration of the initial exempt lease. Had this been a standard one year lease with the same August 31, 2011 expiration, it would have had to commence on September 1, 2011, and the amendments would have been applicable to it disabling its deregulation. If the lease indeed commenced on June 15, then why wasn’t it reflected in the July 2, 2011 registration with DHCR? There is no proof that any of the potentially required disclosures to first tenant Col-lazo were given.
Respondent should be permitted the latitude to seek information on the calculation and basis of the increases taken to bring the apartment legal regulated rent above the $2,000 a month rent threshold.
Moreover, although the court need not reach this result, there is ample appellate authority permitting discovery beyond four years since there is no bar when the intent is solely to establish the apartment’s regulatory status. (See Gersten v 56 7th Ave. LLC, 88 AD3d 189 [1st Dept 2011].)
The apartment’s deregulated status is questionable under these circumstances. Petitioner must prove at trial its new allegation of exemption from rent stabilization. The information requested is not available from the public record. Discovery is *555 warranted as the Farkas criteria of ample need have been met. It appears in the papers that petitioner has impliedly agreed to provide the information concerning deregulation since it has already turned over documents including the 2011 initial deregulated lease in its papers.
The discovery request will be tailored in the court’s discretion for the reasons aforementioned only to materials and evidence regarding the 2011 deregulation of the apartment. In relation to this, the court limits the scope of the discovery request. Petitioner shall comply with the request for interrogatories and demand for production of documents as found in exhibit “C” of respondent’s cross motion for discovery, papers numbered 5 herein, but limited to the time period from tenant Williams’ vacatur, up to and including the events and circumstances leading to and the execution of the lease with tenant Collazo. Compliance shall occur within the time provided by law after service of a copy of this decision and order with notice of entry upon them. Upon compliance, the parties shall arrange a mutually convenient date and time to conduct depositions of the individuals listed in said notice, also attached in the same exhibit.
Accordingly, it is determined that respondent’s motion to vacate the stipulation of March 29, 2016 is granted. Both parties’ motions seeking to amend the pleadings as annexed to their respective moving papers are granted. Respondent’s motion for discovery is granted in part as delineated above. Upon completion of discovery, either party may move to restore the matter to the calendar for trial, or may move for other relief as may be warranted.