MHA Realty 1, LLC v Rostoker (2021 NY Slip Op 50293(U))

[*1]

MHA Realty 1, LLC v Rostoker

2021 NY Slip Op 50293(U) [71 Misc 3d 130(A)]

Decided on April 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2015-369 Q C

MHA Realty 1, LLC, Respondent,
against
Hyman Rostoker and Richard S. Peskin, Esq., as Guardian for Philip
Rostoker, Appellants. 

Law Office of Richard S. Peskin (Richard S. Peskin of counsel), for appellants.
H. Malka Louzoun, Esq., for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Queens County
(Louis Villella, J.), entered December 12, 2014. The final judgment, after a nonjury trial,
awarded landlord possession and the sum of $21,264.28 against Hyman Rostoker and Philip
Rostoker in a nonpayment summary proceeding.

ORDERED that the final judgment is modified by vacating so much thereof as is against
Hyman Rostoker and by providing that the petition is dismissed insofar as asserted against him;
as so modified, the final judgment is affirmed, without costs.
Hyman Rostoker and Philip Rostoker, who were both named as tenants in this nonpayment
proceeding, appeal from a final judgment which, after a nonjury trial, awarded landlord
possession and $21,264.28 as against both of them.
The purpose of a nonpayment summary proceeding is to allow a landlord to recover
possession of real property based upon its tenant's failure to pay rent "pursuant to the agreement
under which the premises are held" (RPAPL 711 [2]; see 329 Union Bldg. Corp. v LoGuidice, 47 Misc 3d 1, 6 [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Patchogue Assoc. v Sears, Roebuck & Co., 37 Misc 3d 1 [App
Term, 2d Dept, 9th & 10th Jud Dists 2012]). It is uncontested that Hyman Rostoker was not
in possession of the premises, was not a party to the lease upon which the proceeding was based,
and did not otherwise claim a right to possession of the premises. Thus, as appellants argue, this
proceeding does not lie against Hyman Rostoker [*2]and the
judgment, insofar as was entered against him, is vacated, and the petition, insofar as asserted
against him, is dismissed.
Contrary to appellants' further contention, the record does not establish that landlord
improperly claimed that the premises is a three-room apartment on its Division of Housing and
Community Renewal registration (see Rent Stabilization Code § 2528.2 [a] [4]), as
the testimony is clear that the unit, in fact, has three rooms. Appellants' arguments as to
landlord's standing and the validity of the lease likewise lack merit.
We do not reach appellants' contention regarding the validity of the Gilbert Louzoun
Revocable Living Trust, landlord's predecessor, as it would not affect appellants' legal
obligations in this proceeding.
Accordingly, the final judgment is modified by vacating so much thereof as is against Hyman
Rostoker and by providing that the petition is dismissed insofar as asserted against him.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 9, 2021